WILKINS v. LITCHFIELD, EX'R.

1. **Mechanic's Lien**: VOLUNTARY IMPROVEMENTS ON ANOTHER'S LAND: ESTOPPEL. J. was the agent of defendant's testate for the sale of his lands in Iowa, and he put G. in possession of certain land, with the understanding that the land was to be sold to him and a title procured for him. Plaintiff, under contract with G., erected certain buildings on the land, and filed a statement for a mechanic's lien, showing that the contract for the improvements was made with G., and that the materials were furnished under the contract. But no purchase was ever made by G., and the premises reverted to defendant's testate. Held that the lien could not be enforced against the premises, because there was no contract with the owner of them; and that the subsequent use and enjoyment of the improved premises by defendant's testate did not estop him from denying that the contract was made with him.

*Appeal from Boone Circuit Court.*

SATURDAY, OCTOBER 9.

ACTION to enforce a mechanic's lien. There was a decree for the plaintiff. The defendant appeals.

*Gatch, Connor & Weaver* and *S. R. Dyer*, for appellant.

*Crooks & Jordan*, for appellee.

ADAMS, CH. J.—The plaintiff averred in his petition that in September, 1880, by virtue of a contract with the defendant's testate, he performed labor upon and furnished material for certain buildings, on certain land belonging to the defendant's testate, E. C. Litchfield, and that there is due him therefor the sum of $174.69. E. C. Litchfield answered, denying the alleged contract. Afterwards he died, and the defendant, E. H. Litchfield, was substituted as his executor.

VOL. LXIX—30.

The fact appears to be that the plaintiff performed labor upon and furnished materials for certain buildings upon E. C. Litchfield's land, but it is not averred nor pretended that any contract was made with him, unless through one John Browne or George H. Browne, acting as his agent. ·It is not denied that John Browne was Litchfield's agent for some purposes; but it is denied that either he or George H. Browne had authority to employ mechanics to make improvements upon his land; and it is denied that either of them ever undertook to do so· in Litchfield's name, or in his behalf. At the time of the transaction in question, Litchfield was a large land-owner in Iowa, and John Browne was acting as his agent in the sale of his lands. George H. Browne had been put into possession by John Browne of the land in question, with the understanding between them that the land was to be sold to George, and a title procured for him. The improvements in question were made while George was in possession, and at his request, John Browne giving his assent thereto. It does not appear that at the time of the employment, or during the ,progress of the work, Litchfield's name was mentioned, or that there was any supposition on the part of the plaintiff, or any one else, that Litchfield was to pay him. On the other hand, it appears to have been supposed that the improvements were for the benefit of George H. Browne, and that he was to pay for the same. The account set out in the statement filed for a lien purports to be an account with George H. Browne, and in the affidavit embraced in the statement the plaintiff swears that the contract was made with George II. Browne, and that the labor and materials were furnished under the contract.

If George H. Browne had had at that time any interest in the land upon which a mechanic's lien could have attached, we have no doubt but that the plaintiff could have obtained a lien upon such interest. But we are not able to see how it could attach upon Litchfield's interest, because there was evidently no understanding that the plaintiff had any contract

with him. The statute gives no mechanic's lien upon any interest except by virtue of a contract between the mechanic and the owner of the interest. It is said, however, that it should be held that Litchfield accepted the improvements, and thereby estopped himself to deny that the contract was made with him; because he is in the use and enjoyment of the improvements. But he has a right to the complete enjoyment of his own premises, and he could not have that without enjoying the improvements.

In our opinion, the decree of the court below must be

REVERSED.