PATRICK DONOHOE, RESPONDENT, *v.* TRINITY CON-
SOLIDATED GOLD AND SILVER MINING COM-
PANY ET AL., DEFENDANTS.   BANK OF SHASTA
COUNTY, APPELLANT.

MINING CLAIM—LIEN OF LABORER—FORECLOSURE—EVIDENCE—FOREIGN
CORPORATION—ACTS AND DECLARATION OF MANAGING AGENT—PRIMA
FACIE PROOF—COUNTERPROOF—FINDING OF AGENCY—SUFFICIENCY OF
EVIDENCE.—In an action to foreclose the lien of a laborer upon a min-
ing claim, when the proof showed that the laborer was employed by a
foreman appointed by one who was acting as superintendent of the
mine, which was the property of a foreign corporation, although the
evidence failed to show direct authority from the corporation to the per-
son acting as superintendent, or a direct ratification by it of his acts,
and although in general an agency cannot be established by the decla-
rations and acts of the alleged agent, yet, under the provisions of sec-
tion 1183 of the Code of Civil Procedure, evidence of the open and
continued acts and declarations of any person having charge of the
property upon which the labor was done, is competent *prima facie* to
warrant his being held to be the agent of the owner for the purpose of
enforcing a lien upon the property, though the owner might overthrow
this by proof of his want of knowledge and nonemployment of the
alleged agent, coupled with a showing that he had exercised ordinary
care in the premises; but, in the absence of such counter-proof, the *prima
facie* evidence is sufficient to support a finding of agency.

ID.—DEFAULT OF MINING COMPANY—APPEAL BY SUBSEQUENT LIENHOLDER
—IDENTICAL CLAIM OF AGENCY.—Where the mining company made de-
fault in the action to foreclose the lien of the laborer upon the mine,
and the appeal from the judgment in favor of the plaintiff is prosecuted
by a subsequent lienholder, whose claim is also founded upon the suf-
ficiency of proof of the identical agency of the managing agent of the
mine, which against the plaintiff it is disputing and seeking to over-
throw, yet without producing counter-proof to plaintiff's evidence of
the conduct and declarations of the managing agent, the findings of the
court in favor of such agency cannot be set aside upon such appeal.

APPEAL from a judgment of the Superior Court of
Shasta County and from an order denying a new trial.
EDWARD SWEENEY, Judge.

The facts are stated in the opinion of the court.

*Clay W. Taylor*, and *J. Chadbourne*, for Appellant.

The court erred in admitting the declarations of
Champion and McCourt to prove their appointment or
authority. (1 Greenleaf on Evidence, sec. 82; Code

Civ. Proc., sec. 2061, subd. 7.) An agency cannot be established by the declarations of the supposed agent. (*Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 396; *Savings etc. Soc.* v. *Gerichten*, 64 Cal. 520; *People* v. *Dye*, 75 Cal. 113; *Harris* v. *San Diego etc. Co.*, 87 Cal. 526; *Van Dusen* v. *Star etc. Co.*, 36 Cal. 571; 95 Am. Dec. 209; *Brigham* v. *Peters*, 1 Gray, 145; *Lambert* v. *People*, 76 N. Y. 228; 32 Am. Rep. 293; Civ. Code, secs. 2307, 2315; 2 Greenleaf on Evidence, secs. 59, 61–3, and authorities cited; *Lycoming Ins. Co.* v. *Jackson*, 83 Ill. 302; 25 Am. Rep. 386; Story on Agency, secs. 61–5; Mechem on Agency, sec. 100; 1 Lawson's Rights and Remedies, secs. 9, 12, 17, and notes; 1 Am. & Eng. Ency. of Law, 351, and note 1; 1 Wait's Actions and Defenses. 218–20; *Bowker* v. *Delong*, 141 Mass. 315; 1 Am. & Eng. Ency. of Law, 351, and cases; *Fullerton* v. *McLaughlin*, 24 N. Y. Supp. 280; *Larson* v. *Lombard Invest. Co.*, 51 Minn. 141; *St. Louis etc. Ry. Co.* v. *Kinman*, 49 Kan. 627; *Texas Land etc. Co.* v. *Watson*, 3 Tex. Civ. App. 233; *Butler* v. *Chicago etc. R. R. Co.*, 87 Iowa, 206; *Three Rivers Nat. Bank* v. *Gilchrist*, 83 Mich. 253; *Sax* v. *Davis*, 81 Iowa, 692; *Walsh* v. *St. Paul Trust Co.*, 39 Minn. 23.) The filing of the lien of Champion is evidence against his agency, for an agent has no right to do any act against the interest of his principal. (Story on Agency, sec. 110, and cases.)

*Thomas B. Dozier*, for Respondent.

While agency cannot be proved by the oral declarations of the supposed agent, it can be shown by other facts and circumstances, and the declarations of the agent himself are admissible in support thereof. (1 Am. & Eng. Ency. of Law, 340, 341, 351, note; *Turner* v. *Phœnix Ins. Co.*, 55 Mich. 236; *Reynolds* v. *Collins*, 78 Ala. 94; *Proctor* v. *Tows*, 115 Ill. 138.) Authority of agent may be inferred from his admitted relations to the company, or from the course of business. (*Wright* v. *Carillo*, 22 Cal. 602; *Pixley* v. *Western Pac. R. R. Co.*, 53 Cal. 191; 91 Am. Dec. 623; *Crowley* v. *Genesee etc. Co.*, 55 Cal. 273; *McKiernan* v. *Lenzen*, 56 Cal. 64.)

Henshaw, J.—Appeal from the judgment and from the order denying a new trial.

Plaintiff's action was to foreclose a lien for the value of labor performed upon the mining claim of the Trinity Mining Company. The bank was made defendant as claiming some interest in the property, which interest, it was averred and not denied, was subordinate to plaintiff's lien. The mining company suffered default. The bank answered, admitting all of plaintiff's allegations, saving that it denied plaintiff's employment, his labor, its value, and nonpayment.

The labor, its value, and nonpayment were proved, and no question arises upon any of these matters. Plaintiff had alleged that he was employed as a miner by one Bernard McCourt, the duly authorized foreman and agent of the mining company. Upon the trial he undertook to establish this by proving that McCourt was appointed foreman by one Champion, who was the superintendent in charge under authority of the Trinity Consolidated Company. This company, it is admitted by the pleadings, was incorporated under the laws of the territory of Utah, with its principal place of business in Ogden. The admissibility and sufficiency of the evidence to establish these agencies of Champion and McCourt are made the contention upon this appeal, presented under objections to the reception of the evidence, and also by attacks on the findings based upon it.

The evidence adduced by plaintiff was the following: The plaintiff testified that McCourt employed him. McCourt was acting as foreman, and McCourt himself and Champion, the superintendent, both told him that McCourt was foreman. Champion acted as superintendent, and told witness that he was superintendent. He had no other knowledge that Champion had been authorized to act as superintendent by the company. McCourt testified that he was employed to act as foreman by Champion, and did so act, with authority to employ and discharge laborers. He employed plaintiff as a miner. Champion was superintendent. Acting as

superintendent he purchased and shipped quartz-mill machinery to the mine; caused a ten-stamp mill to be erected, and crushed the ore extracted from the mine in this mill. Champion, as superintendent, also posted notices about the mine, and on the mill, to the effect that the Trinity Company was the owner of the property. He knew of Champion's authority only from statements, and from his actions as superintendent. James E. Isaacs testified that Champion had repeatedly told him he was managing agent and superintendent of the corporation. He had examined the record of conveyances of property, and of proceedings in a suit against the company brought by the defendant Shasta Bank. This suit was for money had and received. The complaint averred that Champion was the vice-president and managing agent, and, as such, was doing business by authority and direction of the Trinity Company. In this action the Shasta Bank accepted a waiver of the issuance of a summons, and an acknowledgment of service of the amended complaint, on behalf of the Trinity Company, defendant therein, from Champion, who described himself "as managing agent and superintendent" of the corporation, and upon this admission entered the default of the mining company, took judgment and sold the property. It is admitted that the Utah company did own the property. There was introduced in evidence the record of a lien filed by Champion against the company for a sum due him for services as superintendent and managing agent. There were introduced records of locations of water ditches and rights, and mining claims made by the company through Champion, its agent.

Nothing further was established by plaintiff. And the evidence indisputably fails in showing direct authority from the company to Champion, or a direct ratification of Champion's acts. The situation then amounts to this: A foreign corporation owns mines in this state. In its name work is commenced upon these mines. Its so-called superintendent buys costly machinery, con-

structs a mill, extracts and reduces ore, employs miners, millmen, and laborers; takes up water rights and mineral claims; enters into contracts; borrows money; acknowledges service of process in a civil action to collect this money; and, in general, by word and act, holds himself out and conducts himself as the duly and regularly appointed superintendent of the company.

It is unquestionably true that an agency may not generally be established by the declarations and acts of the alleged agent; but without discussing the question whether this evidence would be sufficient to establish an ostensible agency by reason of the failure of the mining corporation to exercise ordinary care (Civ. Code, sec. 2317), it is clear that under the provisions of our mechanics' lien law evidence of these acts and declarations is permitted to establish *prima facie* such agency.   Section 1183 of the Code of Civil Procedure gives to the miner a lien for labor done at the instance of the owner of the building or his agent; "and every contractor, subcontractor, architect, builder, *or other person* having charge of any mining, or of the construction, alteration, addition to, or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall *be held to be the agent* of the owner for purposes of this chapter." These open declarations and continued acts of Champion and McCourt were thus admissible in evidence under this section to show the person in charge of the mining.   By the rule of evidence declared by section 1183 this showing, if not dispelled or overcome, *prima facie* established the agency.   It is quite true that the owner, or other person in interest, might overthrow this by proof of his want of knowledge and nonemployment of the alleged agent, coupled with a showing that he had exercised ordinary care in the premises; but in this case no one seeks to overcome it.   The mining company made default, and the bank's claim is also founded upon the sufficiency of the agency of Champion, the very identical agency which, against this miner with a claim of

eighty-four dollars for labor, it is disputing and seeking to overthrow.

No counter-evidence having been introduced, it follows that the evidence introduced by plaintiff, standing uncontradicted, supports the findings of the court.

The judgment and order appealed from are therefore affirmed.

TEMPLE, J., and McFARLAND, J., concurred.