[Civ. No. 1795.  First Appellate District.—November 14, 1916.]

GEORGE W. McGINN, etc., Appellant, v. W. S. PRITCH-
ARD et al., Respondents.

STREET IMPROVEMENT—CONTRACT FOR WORK—EXECUTION BY HOLDER OF
CONTRACT TO PURCHASE — LIEN INVALID AGAINST OWNER.— The
holder of a contract of purchase of a lot of land cannot impress
the land with a lien for street improvements which shall be binding
upon the owner thereof, in the absence of proof that such owner has
by his conduct so far concurred in such improvement as to be
estopped to deny the validity of the lien.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

J. T. Williams, and John D. Harloe, for Appellant.

H. M. Owens, for Respondents.

THE COURT.—This is an appeal from a judgment in favor
of the defendants J. Maud Giles and Maurice Rosenthal, sued
under the fictitious names of Jane Doe and John Doe, in an
action brought to foreclose a lien for street work.  The above-
named defendant J. Maud Giles was the owner of the prop-
erty to be affected by this lien on the sixth day of December,
1911, and on that day entered into a contract with W. T.
Pritchard for the purchase by the latter of said property, by
the terms of which said Pritchard went into possession of
the same.  While so in possession of said property under said
contract of purchase, Pritchard entered into a contract with
the plaintiff herein for the doing of certain street work in
front of said property, which work said plaintiff thereafter
did.  The defendant Pritchard, however, defaulted in the per-
formance of his contract of purchase and abandoned the
same, and the defendant Giles thereafter conveyed the prop-
erty to Maurice Rosenthal.  Upon the completion of the street
improvement in front of said property by the plaintiff he filed
his claim of lien therefor, and in due course brought this
action to foreclose the same.  The trial court rendered judg-
ment against said Pritchard for the contract price of said

street improvement, but refused to enforce a lien against the property.

The only question raised upon this appeal is as to whether the holder of a contract of purchase of a lot of land can impress the land with a lien for street improvements which shall be binding upon the owner thereof. The case of *Santa Cruz Rock Pavement Co.* v. *Lyons*, 117 Cal. 212, [59 Am. St. Rep. 174, 48 Pac. 1097], is decisive of this question; and it was there held that it was no more within the constitutional power of the legislature to authorize the reputed owner of a lot or parcel of land to create a lien thereon against the will of the real owner than it would be to authorize such reputed owner to transfer the title to said land. It has also been frequently held in other jurisdictions that one who is in possession of land under a contract of purchase cannot subject such land to a lien for improvements upon the property or upon the street adjacent thereto, in the absence of proof that the real owner of the premises has by his conduct so far concurred in such improvement as to be estopped to deny the validity of the lien. (*Johnson* v. *Soliday*, 19 N. D. 463, [126 N. W. 99]; *Callaway* v. *Freeman*, 29 Ga. 408; *Wilkins* v. *Litchfield*, 69 Iowa, 465, [29 N. W. 447]; Jones on Liens, 3d ed., sec. 1247.) The record in this case presents no evidence of such estoppel, and it therefore follows necessarily that the judgment should be affirmed. It is so ordered.