[Civ. No. 3892. Second Appellate District, Division One.—June 5, 1922.]

NETTIE C. MOSES, as Administratrix, etc., Appellant, v. PACIFIC BUILDING COMPANY (a Corporation), Respondent.

[1] MECHANICS' LIENS — ALTERATION OR ADDITION TO BUILDING — AB-SENCE OF—EVIDENCE—FINDING.—In this action to foreclose a lien claimed for labor performed and materials furnished in connection with certain electrical wiring, conduits, and equipment installed in a building at the request of the lessee, and without the knowledge of the owner, in view of the finding as to the manner in which the materials were attached to the building and as to the evident intent of the parties with reference thereto, the trial court was justified in finding that the materials installed by plaintiff did not constitute any alteration or addition to the building, or repair thereof.

[2] ID.—ABSENCE OF NOTICE TO OWNER—NONRESPONSIBILITY—NOTICE UNNECESSARY.—Such work and materials not having been of a lienable character, and the owner having been without knowledge that the work was being done, he was not required to give notice disclaiming responsibility, as provided by section 1192 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Luce, Sloane & Lee for Appellant.

Sweet, Stearns & Forward for Respondent.

CONREY, P. J.—This action was commenced by R. P. Moses for the foreclosure of a lien claimed by him for labor and materials furnished and used in the making of certain improvements and alterations in a building of the defendant. He appealed from the judgment entered in favor of the defendant. Pending the appeal, R. P. Moses died, and the administratrix of his estate was substituted as plaintiff and appellant.

The record on appeal consists of the judgment-roll. From the findings we ascertain the following facts: The de-

fendant, as owner of a storeroom building located on the lots described in the complaint, leased those premises to the San Diego Manufacturing Association, which afterward became the Inorganic Products Company, a corporation. Thereafter the products company, "with the knowledge and consent of the said defendant," caused to be installed in the building "certain equipment and machinery for the manufacture of paint." On or about the twenty-fourth day of May, 1920, the San Diego Manufacturing Association entered into a contract with the plaintiff whereby the plaintiff agreed to furnish certain materials and to do and perform labor in installing in said building electric wiring, conduits, switches, and switchboards. The labor performed and materials furnished by the plaintiff were of the value of $871.90, which sum the Products Company agreed to pay.

The court found "that all of the said materials which were furnished by said plaintiff, and all of the labor performed by him were furnished and performed in putting into said building certain electrical wiring, conduits, and equipment, none of which ever became a part of said building or a fixture, or constituted or formed any improvement or alteration of or in said building, or any addition thereto; but that all of the said wiring, conduits, and equipment were installed by the said plaintiff in the following manner: Said conduits were fastened to the studding and rafters of said buildings by metal clamps and eight-penny wire nails and as a part of said equipment switchboards were fastened to the studding of said building by nailing one-inch boards across said studding and fastening the switch-boxes on to said boards by screws and nails; that no nails were used of a smaller size than eight-penny wire nails and some twenty-penny wire nails were used in attaching said conduits and switchboards; that said conduits ran along and upon the studding and rafters of said building, which building was an open framework building, the outside walls of which were corrugated iron and which had no inside walls other than the studding, sills, and rafters, and that said building had originally been used by the defendant as a storehouse and a place within which to manufacture doors and windows, etc., for the houses and buildings being erected by said defendant, and that said

building was leased to the San Diego Manufacturing Association, for the purpose of manufacturing paint therein, and that said lease provided that the lessee might make such alterations and improvements as might be necessary for the carrying on of their said manufacturing business; that the electric wires and conduits placed in said building by the said plaintiff were by the plaintiff connected to certain motors installed by the lessee to operate the machinery for manufacturing paint and also connected to the lighting system of said building, plaintiff installing drop-lights in the office room and main portion of said building, but that said conduits, electric wiring and switchboards were not so installed as to become permanently attached to said building or to become any part thereof, or to become fixtures therein; that all of the materials and equipment which the said plaintiff placed in said building were placed therein temporarily for a lessee of the said building, and that there was no understanding by said plaintiff or any lessee of said building, or the persons with whom plaintiff made the contract referred to in said complaint and for whom said plaintiff placed or installed certain electrical wiring and equipment in said building, that any of the said wiring, wires, conduits, switchboards, equipment, or other materials placed in said building by said plaintiff should become a fixture or be or become permanently attached to said building or form a part thereof, or constitute or form any improvement or alteration in or of said building or any addition thereto, or repair thereof, or constitute or form any improvement or alteration in or of said building or any addition thereto or repair thereof, and that the said plaintiff never made any repairs in, of, or to the said building. That when plaintiff made his said contract with said Manufacturing Association and at all times thereafter he knew that said Association did not own said real property and it only had a lease thereof and that its only interest therein was a leasehold and he did said work and furnished said materials for said Association with said knowledge.''

The court further found ''that said plaintiff completed furnishing the materials and performing the labor which he did furnish and perform as aforesaid, on or about the tenth day of June, 1920, and that he performed all the conditions of his contract, but that said contract was not a

contract for the furnishing of any materials or the performance of any labor in or about the making of any improvements or alterations of or in, or any additions to or repairs of the building referred to in said complaint, to wit, the building standing on said lots and belonging to said defendant; and that said plaintiff never had any contract with the said San Diego Manufacturing Association or San Diego Manufacturing Company, or said San Diego Inorganic Products Company, for the furnishing of any materials or the performance of any labor in or upon any improvements or alterations or for the making of any improvements or alterations in or additions to or repairs of said building; but that the only contract which plaintiff had with any of the said concerns, associations, or companies was for the temporary installation and placing in said building and so as not to become a fixture or a part of said building, or any improvement or alteration or repair thereof, or addition thereto, certain materials, to wit, certain electrical wiring, switchboards, and equipment.''

The court further found ''that said defendant, Pacific Building Company on the fourth day of March, 1920, leased the front one hundred feet of said land and building to the said San Diego Manufacturing Association, an unincorporated association, for the term of one year from the fourth day of February, 1920, but that on or about the time of making said lease, said defendant was informed by said lessee that it would use said building for the manufacture of paints and would install therein certain machinery and appliances for said manufacturing purposes, but that the defendant did not have actual notice of the furnishing of the materials or the performance of the labor in placing and installing the wires, conduits, switchboards, and other equipment in said building hereinbefore found by the court to have been put therein by plaintiff and that the said defendant did not post any notice in or about said building that it would not be liable for the installing of said electrical equipment or of the performance of said labor.''

[1] The first question of fact upon which the plaintiff's right to a lien depends is the question whether or not the work and materials furnished by the plaintiff contributed to the ''construction, alteration, addition to, or re-

pair" of the building. If they did so contribute, the lien-
able quality of the work is established. (Code Civ. Proc.,
sec. 1183.) The findings affirm that none of the labor per-
formed and materials furnished by the plaintiff and put
into the building ever became a part of the said building
or fixtures, or constituted or formed any improvement or
alteration of or in said building, or any addition thereto,
and that conduits, electric wiring, and switchboards were
not so installed as to become permanently attached to said
building, or to become fixtures therein. According to the
finding describing the method of installation of said wir-
ing, conduits, and equipment, the conduits were fastened
to the studding and rafters of the building by metal
clamps and nails, and the switchboards were fastened to
the studding of the building by nailing boards across the
studding and fastening the switch-boxes to the boards by
screws and nails. It may be that the physical facts thus
described were such that these materials should be re-
garded as fixtures attached to and which became a part
of the building, if such had been the intention of the
contracting parties. (*Pacific Sash & Door Co.* v. *Bumiller,*
162 Cal. 664, 667 [41 L. R. A. (N. S.) 296, 124 Pac. 230];
*California Portland Cement Co.* v. *Wentworth Hotel Co.,*
16 Cal. App. 692, 711, 712 [118 Pac. 103, 113]; *Blanck* v.
*Commonwealth Amusement Corp.,* 19 Cal. App. 720, 725
[127 Pac. 805].)

But the court found the facts to be that the plaintiff
never made any repairs in, of, or to the building, and that
the materials furnished did not become a part of any im-
provement or alteration in the building or any addition
thereto; also that there was no understanding by the plain-
tiff or the lessee that any of said materials should become
permanently attached to the building. In effect, the court
determined that the plaintiff never intended to attach the
equipment permanently to the building, but only intended
to install the same temporarily for the use of the lessee,
with whom his contract was made; and that the only con-
tract of the plaintiff with the lessee was for the temporary
installation of materials, not to become a part of the build-
ing. Whether materials are so applied to a building as
to become a part thereof is a question of fact "to be
determined by the court upon the evidence before it."

(*Bianchi* v. *Hughes,* 124 Cal. 24 [56 Pac. 610].) In the case at bar, since we are bound to assume that the evidence justifies the findings, we conclude that the materials installed by the plaintiff did not constitute any alteration or addition to the building, or repair thereof.

[2] The defendant owner having failed to give notice disclaiming responsibility for the work, as provided by section 1192 of the Code of Civil Procedure, the plaintiff would be entitled to enforce his claim of lien, if the work had been of a lienable character, and if the defendant had "knowledge of such construction, alteration or repair, or work or labor." In the first finding the court said that the products company, with the knowledge and consent of the defendant, caused to be installed in the building "certain equipment and machinery for the manufacture of paint." There is no identification of this equipment and machinery with the work done by the plaintiff. On the contrary, the court, in its seventh finding, said that the defendant did not have actual notice of the furnishing of the materials or the performance of the labor in question.

Construing the finding as one intended to mean that the defendant was without knowledge of the fact that the work was being done, the provisions of section 1192 do not apply to the established circumstances of the case.

The judgment is affirmed.

Shaw, J., and James, J., concurred.