[Civ. No. 6032.   First Appellate District, Division One.—November 4, 1927.]

P. W. WOOD, INC. (a Corporation), Respondent, v. P. E. BLALACK, Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and H. A. Judy for Appellant.

Laurenz J. Krueger for Respondent.

TYLER, P. J.—Action to foreclose a mechanic's lien. Plaintiff, the lien claimant, alleged that it had furnished to defendant as owner, at his special instance and request, certain labor and materials in the improvement and repair of an apartment house known as the "Inverness Apartments," at No. 1405 Van Ness Avenue, San Francisco, and alleged further that the defendant had agreed to pay a stipulated sum for such improvements. By his answer defendant admitted ownership of the premises, but denied that he had ordered any repairs to be done or that he had agreed to pay for the same. As a separate defense he alleged that at all the times referred to in plaintiff's complaint the premises known as the "Inverness Apartments" were in the exclusive possession of one Fred. W. Hollman, Inc., a corporation, and Thomas J. Pearce, as lessees, under a written lease from him as owner and lessor, and that any work done by plaintiff and any materials furnished were rendered and furnished without his knowledge. It appeared in evidence at the trial that the labor and materials for which suit was brought were rendered and furnished by plaintiff in the

repair of a boiler, a part of the heating system of the building. Some years prior to this repair defendant had leased the apartment house for a term of years, some ten of which were yet to run at the time in question, to one Thomas J. Pearce and to F. W. Hollman, Inc. This lease was in writing and it specifically provided that the lessees should keep the house in good repair at their own expense, without any charge to the owner. At the time of the making of the lease the house was in good condition, as was the boiler. Just prior to the repairs in question a night-man employed by the tenants had permitted the water to run out of the boiler, with the result that two sections, front and rear, had burned out. The injury to the boiler occurred at night and because of the cold weather immediate repair was necessary. Pearce procured the necessary parts from a wholesaler, the Stulsaft Company, and a representative of that company telephoned from the Inverness Apartments to Mr. Wood, president of plaintiff company, requesting that the repairs be made. Mr. Wood proceeded to the premises and conferred with Mr. Pearce, one of the lessees, with reference to the work. He made inquiry concerning the ownership of the building and asked Pearce what authority he had to order the work done. He informed Pearce that it was an expensive job and that it would cost approximately three hundred dollars. He was told by Pearce to go ahead with the work and not to worry about the charge. The work was performed and plaintiff rendered its bill to "Mr. Pearce, Manager Inverness Apartments." No bill was ever rendered to Mr. Blalack, the owner, defendant herein, nor did defendant ever know or hear of the repairs being made, until some three weeks thereafter, at which time Pearce informed him that he could not pay the monthly rent on account of the expense of the repairs. No claim was made at the trial that defendant ever directly ordered the work to be performed, nor was there any competent proof of the existence of an agency, but, on the contrary, the evidence shows that none ever did exist. It was proved that defendant had paid a repair bill to the sidewalk elevator amounting to the sum of twenty dollars some two years prior to the work in question. It was also shown that defendant had paid for electrical improvements in the apartment house which were in their nature permanent and which he had especially con-

tracted with the tenants to do. Aside from this evidence, which does not show an ostensible agency, there is no evidence in the record upon which an agency by estoppel could arise, and, indeed, if we understand the position of respondent no such claim is made, his contention being that the findings show that plaintiff furnished the labor at the special instance and request of Pearce, who at the time was acting as the agent of defendant under his authority. But these findings are not supported by the evidence. For the purpose of proving that an actual agency did in fact exist, plaintiff offered and there was received in evidence, over the objection of defendant, testimony to show that Pearce had told Wood that he was the agent of defendant and to go on and do the work and there would be no question about the pay. This evidence was improperly admitted.

█ The declarations of one claiming to be an agent, not made under oath or in the presence of the principal, and not communicated to, or acquiesced in by him, are inadmissible to prove the fact of agency. █ One who deals with another, upon his mere statement that he is the agent of a third person, takes upon himself the risk of being able to show that such agency exists. If, instead of satisfying himself by independent investigation, he accepts such statement and is deceived, he is the victim of his own credulity (*Pease* v. *Fink,* 3 Cal. App. 371 [85 Pac. 657]). █ The admission of this testimony, however, was harmless, for defendant denied Pearce was his agent and Pearce testified that he had made no such statement, and the findings of the court upon this subject were to the effect that Pearce was in the exclusive possession of the premises at the time the repairs were made as one of the cotenants of defendant under a written lease, by the express terms of which Pearce had no authority from defendant to make repairs on his behalf, or to incur any expense for labor or materials on the building or in the improvement thereof; that defendant was ignorant of the fact that labor and material had been furnished until some three weeks thereafter. █ It is manifest from this finding of fact upon the question of agency that the further finding to the effect that plaintiff furnished labor and materials for the repairs in question at the special instance and request of Pearce, while acting as the agent of and under the authorization of Blalack, the owner, is based upon an

erroneous construction of the Mechanic's Lien Law. Section 1183 thereof provides, in substance, that a materialman shall have a lien whether the labor and material are supplied at the instance of the owner, or of any other person acting by his authority or under him, as contractor or otherwise; that every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration, addition to or repair, either in whole or any part of a building, shall be held to be the agent of the owner for the purpose of the enforcement of a lien. It is well established in this state that the fee in leased premises may not be impressed with a mechanic's lien for repairs made by a tenant, where the owner has no knowledge that the work is being done. In the absence, therefore, of proof of actual agency, or that the real owner of the premises had by his conduct so far concurred in such improvement as to be estopped to deny the validity of the lien, no lien can exist. (*McGinn* v. *Pritchard*, 32 Cal. App. 75 [161 Pac. 1171]; *Moses* v. *Pacific Bldg. Co.*, 58 Cal. App. 90 [207 Pac. 946].) It being expressly found that defendant had no knowledge that the work was being done, and that no agency existed, a lien could not be created under the statute, for there was no one acting under the authority of the owner who could bind him. This being so, the judgment establishing a lien cannot be sustained. (*Lorenz* v. *Rousseau*, 85 Cal. App. 1 [258 Pac. 690].) We are cited by respondent to the case of *Donohue* v. *Trinity Min. Co.*, 113 Cal. 119 [45 Pac. 259], as holding a contrary view. In that case there was evidence sufficient to support a finding of agency. No useful purpose would be subserved by a review of the facts. ▮ Nor is there any merit in the claim that defendant, not having posted a nonresponsibility notice, that a liability was created under the act invoked. Defendant having no knowledge that the work was being done was in no position to disclaim responsibility as provided by section 1192 of the Code of Civil Procedure. (*Moses* v. *Pacific Bldg. Co.*, 58 Cal. App. 90 [207 Pac. 946].)

For the reason given the judgment is reversed.

Knight, J., and Cashin, J., concurred.