## CONRAD H. HOTALING, THOMAS S. BARNSTEAD, and JOSEPH B. THOMAS *v.* WILLIAM H. V. CRONISE, and WILLIAM HART.

A defendant whose testimony must enure to his own benefit, cannot be examined for his co-defendant.

Describing the property with convenient certainty in the notice of lien is sufficient.

A transfer of the property before the lien is filed for record, cannot affect the lien.

Statutes in derogation of the common law, should be constructed strictly; especially when they open a door to fraud.

Appeal from the District Court of the Fourth Judicial District.

Hotaling, Barnstead, and Thomas filed their complaint against Cronise and Hart, December 12th, 1850, averring that during the summer of 1850, the plaintiffs, at the request of Cronise, furnished piles and other materials, and did work, to the amount of $2785, for the erection of a wharf on property then owned by Cronise, on Battery street, between Jackson and Pacific streets, and joining property owned by one Dupease, in San Francisco; that Hart afterwards purchased the property from Cronise, and paid the plaintiffs $1000 on account of said work and materials; leaving $1785 still due; that, November 12th, 1750, the plain-

tiffs caused a lien to be filed and perfected on said property, according to the statute providing for the lien of mechanics and others, and afterwards notified Hart thereof in writing, as required by the statute; that the property was worth more than $1785; and praying judgment for that amount, and for a sale of the premises, and general relief. The defendants answered separately, denying the asserted lien, indebtedness, &c. The cause was tried by the court, the parties waiving a jury. The plaintiffs proved that as partners they furnished the work and materials at the request of Cronise, between September and the 18th of November, 1850; and that on the 12th of November, 1850, they filed in the Recorder's office a written notice, signed by the plaintiffs, to said Hart and all others; that pursuant to the statute providing for the lien of mechanics and others, " we intend to hold a lien, and do hereby establish the same, upon the wharf on Battery street, between Jackson and Pacific streets, in San Francisco, for the sum of $1785.50, which said amount is now due to us for work and labour done and performed, and materials furnished, in building and erecting said wharf, during the summer and fall of 1850. We certify that thirty days have not elapsed since the completion of said work, and we hold said Hart responsible to us for the said sum." The plaintiffs also proved that Cronise conveyed the property to Hart, October 17th, 1850; and that Hart paid the plaintiffs $1000. An objection for variance being made, the plaintiffs were allowed to amend the complaint so as to conform to the proof, by stating the time when the work was done, and the partnership of the plaintiffs. Cronise offered Hart as a witness to prove that the plaintiffs were only sub-contractors, and that the work was done in an unworkmanlike manner, &c.; to which the plaintiffs objected; and the court rejected the witness. Hart then offered Cronise as a witness to prove that nothing was due the plaintiffs; but the court rejected him. The defendants excepted. The court then, on *Hart's* motion, dismissed the action as to him, on the ground that the notice of the lien was too vague and uncertain; to which the plaintiffs excepted. The court found for the plaintiffs for $1785 against Cronise; but that the plaintiffs were not entitled to a lien on the property; and gave judgment accordingly, with costs to Hart. Cronise appealed from the judgment against him: and the plain-

tiffs appealed from the judgment in favour of Hart, as to the sufficiency of the notice of lien. Both appeals were argued together.

*E. Cook* for the plaintiffs. 1st. The testimony of Cronise and Hart was properly excluded. The suit was defended for their benefit. Old Practice Act, sects. 303, 304, and 305. 2d. So far as the testimony offered went to show a special contract and breach, it was inadmissible; as nothing of the kind was alleged in the answer. Walton *v.* Minturn, in this Court. 3d. The description of the property, &c., in the notice of lien, was sufficiently certain. 6 Wharton, 187; 12 Serg. & R. 301. 4th. The conveyance to Hart could not affect the lien, whether he had notice or not, as it was recorded within the sixty days. But his paying the $1000 shows that he had notice.

*McAlister,* for the defendants, and on behalf of a purchaser under a mortgage given by Hart in October, 1850. 1st. The notice of the lien was too uncertain as to the description of the property. It is not a general, but a specific lien on specific property; and what is sufficient certainty has been held a question of fact: and here the Court found that it was too uncertain. Ewing *v.* Barras, 4 Watts & S. 467. The case of Springer *v.* Keyser, 6 Wharton, cited by the plaintiffs, was between the original owner and the mechanic. The case of Harker *v.* Conrad, 12 Serg. & R., went very far; but the side of the street was there given; and the principle of those cases seems qualified by Washburn *v.* Russell, 1 Barr, 499. 2d. Referring the lien back to the time the work was commenced operates hardly on purchasers; and courts will favour them as much as possible. Thus, in favour of a purchaser, they will apply the doctrine that one having the power and neglecting to secure himself, shall suffer rather than an innocent party: as in the case cited from 6 Wharton, where a mechanic had a lien on two houses, and received a sum from the debtor without any appropriation to either house, and a sale of one house was made before the lien was filed on it; it was held that the creditor had no lien, as against the purchaser, though the effect of the decision was to deprive him of all lien, as he had not filed it against the other house.

Justice MURRAY delivered the opinion of the Court. This was

an action to enforce a mechanic's lien. It appears from the record, that the work in question was performed for the defendant Cronise, from whom the defendants purchased. Upon the trial of the cause in the Court below, the defendants offered themselves as witnesses for each other, to prove that the work was performed in an unworkmanlike manner, and that nothing was due to the plaintiffs. This testimony was rejected by the Court. The 303 and 304 sections of the Old Practice Act provide, that a party may be examined on behalf of his co-plaintiff, or co-defendant, but the examination so taken shall not be used on behalf of the party so examined, &c.: and that no person shall be excluded as a witness by reason of his interest in the event of the suit. Section 305 declares, that the last section shall not apply to a party to the action, or a party for whose immediate benefit the suit is prosecuted or defended. Without stopping to inquire how far the latter section controls the two former ones, the Court are of opinion that the interests of the defendants, as disclosed by the record, are so inseparable, that the testimony of either must necessarily enure to his own benefit. If Hart had been allowed to testify that the work was done in an unskilful manner, in discharging Cronise, he would have discharged his own property from the lien: and Cronise's testimony that nothing was due to the plaintiffs would have discharged himself from all personal liability. Our statute allowing persons to testify in their own cases is in derogation of the common law rule. It opens a wide door to perjury, and cannot be too strictly construed by courts. The ruling of the Court below was correct.

The next question for our consideration is as to the sufficiency of the lien. The notice filed described the property as the wharf situated on Battery Street, between Pacific and Jackson Streets, in San Francisco. It is admitted that the lien was filed within the time required by law. We think the description of the property sufficiently certain. In Springer *v.* Keyser, 6 Wharton, a claim filed under the mechanics' lien law of Pennsylvania, describing the building as situated on the west side of Thirteenth, between Vine and James Streets, was held sufficiently certain, when in fact the building was on Thirteenth, between Callowhill and James Streets: as the owner had no other house in Thirteenth Street. In Harkner *v.* Conrad, 12 Serg. & R., it was

held that a house described as a three-story brick house, situated on the south side of Walnut, between Eleventh and Twelfth Streets, was sufficiently certain. It is sufficient if the claim be set forth with convenient certainty. Neither can the fact that Hart purchased before the lien was filed make any difference in this case. The transfer to him could not defeat liens which had already accrued upon the premises.

So much of the judgment of the Court below as discharges the lien for vagueness and uncertainty must be reversed.

Cause remanded.