. [L. A. No. 4512.  Department One.—November 12, 1918.]

HOLLENBECK–BUSH PLANING MILL COMPANY, Respondent, v. THE ROMAN CATHOLIC BISHOP OF MONTEREY AND LOS ANGELES (a Corporation Sole), et al., Appellants.

FORECLOSURE OF MECHANIC'S LIEN—JUDGMENT—INSUFFICIENT DESCRIPTION.—A description of property in a judgment of foreclosure of a mechanic's lien in the following language is insufficient: "The northerly portion of block 413–B, of the City of Bakersfield, according to the map of said City of Bakersfield, filed in the office of the County Recorder of Kern County, November 25, 1898," although it may be sufficient in the claim of lien.

ID.—DESCRIPTION—RULE.—In an action to foreclose a mechanic's lien, it is necessary that the property which the plaintiff seeks to subject to a sale therefor should be definitely described, and that the judgment should specifically designate the property affected by the lien and directed to be sold, otherwise the officer executing the judgment can neither point out the property which he offers for sale, nor place the purchaser in possession thereof, and the deed which he may execute will not convey any title; and as the judgment must follow the complaint, it is essential that the complaint should itself contain such specific description.

APPEAL from a judgment of the Superior Court of Kern County.  Milton T. Farmer, Judge.  Reversed.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, J. W. Wiley, and R. B. Lambert, for Appellants.

Geo. E. Whitaker, and Everts & Ewing, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor in an action to foreclose a materialman's lien.  Two questions are presented upon this appeal. The first relates to the issue as to whether the claim of lien was filed within the time permitted by statute for the filing of such liens.  As to this question it is conceded that it has been settled in respondent's favor by the case of *Hughes Mfg. & Lumber Co.* v. *Hathaway*, 174 Cal. 44, [161 Pac. 1159], decided since this appeal was taken.

The other point presented upon this appeal relates to the sufficiency of the description of the property against which the plaintiff's claim of lien was filed, which is herein sought to be foreclosed as the same appears in the judgment from which this appeal is taken.    Said description is as follows:

"The northerly portion of block 413-B, of the city of Bakersfield, according to the map of said city of Bakersfield, filed in the office of the county recorder of Kern county, November 25, 1898."

We are of the opinion that the appellant's contention that this description, as embodied in the judgment herein, is insufficient must be sustained.    The case of *Union Lumber Co. v. Simon*, 150 Cal. 751, [89 Pac. 1077, 1081], which is chiefly relied upon by the respondent, is clearly distinguishable from the case at bar.    In that case the property was described as "commencing at a point on the northerly line of Sutter Street distant 137 ft. and 6 inches from the westerly line of Scott St.; Running thence," etc.    The defect in this description consisted in the fact that it did not locate the point of commencement as to whether it was easterly or westerly from Scott Street.    It was thus applicable to two different pieces of property on the northerly line of Sutter Street; otherwise the description was of a rectangular piece of land of definite dimensions.    The court held that such a description was aided by the statement in the claim of lien as to who was the owner or reputed owner of the land, and was thus made "sufficient for identification," which is all that is required by the statute in the claim of lien.    But the court also suggested that in the action for the enforcement of such a lien the plaintiff might enlarge the description in his complaint and proofs so that the judgment would distinctly specify the land which was to be sold.    The difference between the description in that case and that in the case at bar is apparent.    In that case there was a description of a definite parcel of land which could be applied to either one of two locations by supplying the single word "easterly" or "westerly" which would give the description its point of beginning.    But in the case at bar no description of any parcel or amount of land by metes and bounds or otherwise is given.

In the case of *Rall Bros.* v. *McCrary*, 45 Mo. App. 365, which is cited with approval in *Union Lumber Co.* v. *Simon*,

*supra,* the property sought to be subjected to the lien was described as "a frame barn and one acre on which the same is situated, being erected on a tract of sixty-four acres" in a designated quarter section. This was held to be sufficient; but this case also is to be distinguished from the case at bar by the fact that a definite quantity of land upon which the structure stood was designated, while in the case at bar no quantity of land to be affected by the lien of the judgment is given. In Phillips on Mechanics' Liens, third edition, section 385, the case of *Howell* v. *Zerbee,* 26 Ind. 214, is cited with approval, wherein the following description, viz., "a part of lot 3, section 36," etc., was held to be void for uncertainty. In the case of *Willamette S. M. Co.* v. *Kremer,* 94 Cal. 205, [29 Pac. 633], this court, quoting from Phillips on Mechanics' Liens, section 379, says:

" 'The best rule to be adopted is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise.' (See, also, *Kennedy* v. *House,* 41 Pa. St. 39, [80 Am. Dec. 594]; *McClintock* v. *Rush,* 63 Pa. St. 205; *Northwestern Cement etc. Co.* v. *Norwegian etc. Seminary,* 43 Minn. 449, [45 N. W. 868]; *Cleverly* v. *Moseley,* 148 Mass. 280, [19 N. E. 394]; *Seaton* v. *Hixon,* 35 Kan. 663, [12 Pac. 22]; *Hotaling* v. *Cronise,* 2 Cal. 60; *Tredinnick* v. *Red Cloud Cons. Min. Co.,* 72 Cal. 78, [13 Pac. 152].)

"In an action to foreclose the lien, it is, however, necessary that the property which the plaintiff seeks to subject to a sale therefor should be definitely described, and that the judgment should specifically designate the property affected by the lien and directed to be sold, otherwise the officer executing the judgment can neither point out the property which he offers for sale, nor place the purchaser in possession thereof, and the deed which he may execute will not convey any title; and as the judgment must follow the complaint, it is essential that the complaint should itself contain such specific description."

In the case at bar the appellant does not assail the sufficiency of the description in the plaintiff's claim of lien in the answer and does not do so in the briefs upon appeal, but, on the contrary, concedes that ''it is probably sufficiently complete for identification and therefore would constitute a valid description so far as the lien is concerned.'' The appellant's attack is confined to the judgment and under the rule declared in the cases above cited the contention of the appellant as to the insufficiency of the description as embodied in the judgment herein must be sustained.

Judgment reversed.

Sloss, J., and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.

In denying a hearing in Bank the court filed the following opinion on December 12, 1918, thereon:

THE COURT.—The petition for hearing in Bank is denied.

The effect of the reversal of the judgment is to return the case to the trial court for a new trial and for such proceedings therein, including the right of the respective parties to make such application to amend their pleadings as they may be advised, as though there had been no previous trial of the action.