[Civ. No. 7724. First Appellate District, Division Two.—May 5, 1931.]

HENRY LEIBOWITZ, Appellant, v. MARTHA CATHERINE BERRY et al., Respondents.

[Civ. No. 7723. First Appellate District, Division Two.—May 5, 1931.]

MARTHA CATHERINE BERRY et al., Respondents, v. HENRY JENKIN et al., Defendants; HENRY LEIBOWITZ, Appellant.

Benjamin Chipkin for Appellants.

L. G. Shelton for Respondents.

PARKER, J., *pro tem.*—The above-entitled actions, though separate in record, as far as pleadings, findings and judgments appear, were consolidated for trial in the court below. On the appeal both actions are heard on one set of briefs and both involve identical points. There was, as indicated, but one trial and the issues involved in both cases are to be determined from the same evidence. The first action was instituted to foreclose a lien upon certain real estate owned by the defendants therein. These same defendants subsequently brought the second action to quiet the title to their property and the issue in this latter suit was the effect of the claimed lien upon the title. So, it is readily observed, in both cases the controversy concerns the lien, its validity and effect. There were, at the outset, other parties involved, but the rights and claims of these have been determined or settled and do not enter into the present appeal.

Merely historical, it may be noted that the suit of the lien claimant to foreclose his lien was commenced at a time long prior to the institution of the suit to quiet title. Judgment was obtained foreclosing the lien as against all parties, including the owners of the property. On subsequent proceedings the judgment as against the owners was set aside and the issues as between the lien claimant and the owners remained undecided at the time the owners commenced their action to quiet their title. In this last action the lien claimant, answering, set up his lien and asked that his validity be declared. Thereafter, and very properly, came the order consolidating the actions for trial. Though tried as one, separate judgments resulted. In the lien suit the judgment of the court below was against the plaintiff, lien claimant, the court's findings being that claim of lien did not meet the requirements of the statute governing and further that the right of lien had been lost. In the quiet-title action the judgment and decree, in the court below, found the title of the plaintiffs, the owners, free from any claim of the defendant lien claimant, and enjoined a further assertion of said lien.

To avoid confusion of parties, hereinafter, the issues will be discussed as between the lien claimant and property owners and the parties will be referred to in such capacities.

The record discloses that the owners had, at a time ante-dating any of the transactions hereinafter noted, entered into a contract with certain parties known as Fishman, through which the latter were to purchase the property on deferred payments. Upon the execution of the contract the Fishmans went into the possession· of the property and undertook the improvement thereof. Such improvement consisted in the erection of a certain building. At this stage the lien claimant appears upon the scene. Under a contract with the Fishmans the lien claimant erected the building and, as far as our record discloses, in all ways performed his contract. He was not paid and therefore this controversy. No question is raised as to the work done, the nonpayment therefor or the time of filing. Nor is there any question of limitation.

The findings of the court below, which support both judgments, are epitomized as follows: That plaintiff filed his lien against the property on account of labor done and materials furnished. That said form of lien contained a description of the property sought to be charged with said lien as follows: Beginning at a point 82½ feet east of the northeast corner of the west one-half of the east one-half of lot 13, section 29, of subdivision of Rancho Azusa de Duarte, as per map recorded in book 6, page 80, Miscellaneous Records of Los Angeles County, the boundaries of said property, aside from said point, not being given in said lien so filed or in the complaint of plaintiff on file herein. The allegations showing construction, reasonable cost, nonpayment, and sufficiency of filing in point of time are found to be true. It is further found that the plaintiff, lien claimant, entered into an agreement with the Fishmans, whereby it was agreed that the former should be paid, on account of the materials and labor to be furnished by him in the premises, the sum of $50 on the day following the filing of the notice of completion and further sums thereafter, some of which were payable more than one year following the filing of said notice of completion; and that said lien claimant further agreed to and did accept a trust deed securing said payments. Here we might note that the finding does not set forth from whom the trust deed was taken. But the admitted fact is that the trust deed was taken from the Fishmans and all parties here agree that

such is the fact. Throughout we will consider the finding in this light. From these findings the trial court concluded, as a matter of law: 1. That the purported lien of the plaintiff did not comply with section 1187 of the Code of Civil Procedure. 2. That the lien claimant waived his right to a mechanic's lien. It was the theory of the trial court, as evidenced from the foregoing, and likewise the claim of respondent, that the failure of the filed lien to meet the requirements of the code section cited lay in the lack of a description of the premises sought to be charged with the lien.

Appellant makes the contention that the question of the sufficiency of the description was without the issues. It might be conceded, however, that the answer of the defendant sufficiently denied the allegations of the complaint on the entire subject of the lien and its contents as to make this question an issue. However, appellant goes further and urges that whatever might have been an issue in the pleadings, at the trial this issue was waived and the case tried in the court below on the theory that the lien was sufficient. In this contention the appellant is supported by the record. The record discloses that in the court below all parties were ready and anxious to have the cause submitted on the real issues without delay or loss of time in the discussion or trial of issues on which there was no real disagreement. Counsel for respondents at the opening of the trial thus stated the case to the court: "The issue is that Mr. Leibowitz, the plaintiff, took a note secured by a trust deed upon that property." Thereafter, the only testimony put in was when the trial judge was soliciting a stipulation from counsel as to the amount admittedly unpaid under the building contract. At that time counsel for respondent called appellant to the stand and in doing so stated: "This is so informal I don't know hardly whose witness he is but I will call him our witness for the purpose of cross-examination." The sole subject of this examination was as to the amount expended and the reasonable value of the work done; everyone seemed to concede the location of the premises beyond question. After evidence was presented on the cost of the building and improvements the following colloquy ensued: "The Court: Now, what other facts are there that are still in dispute? Mr. Shelton (at-

torney for owners): I think these are the only facts, except his allegation, I guess, in that other suit shows when his lien was filed. The Court: Can we cover that by stipulation? Mr. Shelton: What date was the mechanic's lien filed? (Not answered.) The Court: But for this trust deed which you admit, there is a valid mechanic's lien against your property in the sum of $1,049.83. Mr. Shelton: Yes, your Honor.'' Thereafter and as a part of the same discussion, after statements of counsel along the same line as indicated, the following occurred: ''The Court: The only question here, then, is whether or not that trust deed . . . Mr. Chipkin (for lien claimant): Whether we are bound by the trust deed or the mechanic's lien. The Court: Whether you can recover on both. Mr. Shelton: That is it, yes, your Honor. The Court: I take it, gentlemen, that the case is clearly understood now and resolves itself down to an issue of law. Mr. Shelton: On that one question, as I understand it.'' There is a fast-growing tendency in the practice of the law to cut through issues upon which no conflict of fact is present at the time of trial. Indeed, in recent discussion and treatise many recognized authorities on practice and procedure have earnestly advocated that the ideal method of trial is that wherein the litigants on their appearance in the trial court make frank and open disclosure of just what points are in controversy and rest the cause upon these issues alone. There is at least one criticism of this method and it is apparent from the foregoing. It would hardly encourage an attorney to accept the method suggested if he were not permitted to rest upon the assurance that the trial court would not go without the issues agreed upon. So, in the instant case, where opposing counsel stipulate the validity of the lien and proceed to trial upon the issue of the effect of a trust deed, it would seem manifestly unfair if the judgment were to rest, even in part, upon the invalidity of the lien, when not only the question of the validity of the lien was not before the court but where there was no word of evidence concerning the lien nor the claim of lien itself before the court. The whole question is rather exhaustively treated in California Jurisprudence, volume 2, beginning at page 234, wherein a great number of cases are cited; a reference to the volume will suffice in lieu of further citation. The ob-

vious reason, as furnished by the authorities, is that a party litigant may not lull his adversary into a sense of security through admission or through an agreed theory of fact and then surprise him in the findings and judgment. Another reason urged is that it is manifestly unfair to the trial court, though in this instance the unfairness resulting has its effect upon the appellant. Under the facts and the rule, we agree with the appellant that the finding of the insufficiency of description in the lien was wholly without the issues and further that there is no evidence in the record to support the finding.

Respondent contends that, irrespective of the theory of the case, there is always reserved the question of the insufficiency of the complaint to state a cause of action. Pursuing this argument it is contended that the complaint was absolutely barren of any cause of action and that any stipulation of fact could not aid it in this respect. The complaint cannot be so considered. There is the direct allegation of the description of the property, which description was as hereinbefore set forth. In the absence, as here, of a special demurrer and particularly at this stage of the proceedings, there must be applied the ancient maxim holding that certain which can be made certain. For aught that appears on the face of the complaint the premises involved were capable of no better description; likewise, the description given might have been the one usually and generally employed in designating the premises referred to. In the case of *Planing Mill Co.* v. *Roman Catholic Bishop*, 179 Cal. 229, 231 [176 Pac. 166], the rule is announced as follows: " 'The best rule to be adopted is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise.' " Likewise in this case the court adopts the suggestion in the case of *Union Lumber Co.* v. *Simon*, 150 Cal. 751 [89 Pac. 1077, 1081], to the effect that in action for the enforcement of the lien the plaintiff might enlarge the description in his

complaint and proofs so that the judgment would distinctly specify the land which was to be sold. In the Planing Mill case no description of any parcel or amount of land by metes or bounds or otherwise is given. The judgment followed the description in the lien. The court held the description insufficient. But it is interesting to note that the claim of lien was not held invalid. The court upon a petition for hearing in bank uses this significant language: ''The effect of the reversal of the judgment is to return the case to the trial court for a new trial and for such proceedings therein, including the right of the respective parties to make such application to amend their pleadings as they may be advised, as though there had been no previous trial of the action.'' It is obvious that the Supreme Court drew a distinction between the nicety of description necessary in a claim of lien and that required in a judgment which might become the basis of an order of sale. In the former the purpose of description is to generally identify the property; in the judgment such detail is required as will enable the officer executing the same to point out the property which he offers for sale and place the purchaser in possession thereof through a conveyance that will continue the record title. In the case of *Nofziger Lumber Co.* v. *Waters,* 10 Cal. App. 89, 91 [101 Pac. 38], it is said that a description of a property as '' 'Lot 18, Block 5, of the Hutchinson Tract' (giving book and page where official map thereof is recorded in the proper office) affords a ready means for locating such lot.'' So, in the instant case, the description given definitely sets forth the lot number and the section number, with reference to the particular tract and the map, as in the cited case. But here the lien claimant goes one step further and by way of more particularity sets forth a particular point on the said lot, which he then minutely identifies as being a spot whereon he has constructed a house. It is settled law, requiring no citation, that to ascertain the contents of a lien claim we must consider the same in its entirety. Mere deviation from the general used form will not invalidate the claim of lien if the same contains the necessary averments or specifications. The allegation in the claim that a house had been built upon the property serves, in a degree, the purposes of identification and the statement of ownership of the property likewise

aided the description. (*Union Lumber Co.* v. *Simon, supra.*) And reference may be had to the case of *Best* v. *Wohlford,* 144 Cal. 733 [78 Pac. 293]. Concluding this branch of the case, it is our opinion that the finding complained of is without the issues; that, if considered within the issues, there is no evidence to support it. Further, that if we pass these questions and consider the finding as sufficient in all respects, then it does not support the conclusion of law based thereon. And lastly, we hold that the description, conceding it to be too indefinite to support a judgment, nevertheless is sufficient as an allegation to constitute a cause of action. Before proceeding to the next branch of the appeal it is interesting to note that in the answer the defendants admit that they are the owners of the property described in the lien claimant's complaint.

The second finding of the court is· that the lien claimant entered into an agreement with the Fishmans whereby it was agreed that the plaintiff should be paid, on account of the materials and labor to be furnished by him in the premises, the sum of $50 on the day following the notice of completion and further sums thereafter, some of which were payable more than one year following the filing of said notice of completion; and said lien claimant further agreed to and did accept a trust deed securing the said payments. As a conclusion of law following this finding it was held that the plaintiff had thereby waived his lien. Here again we meet the claim of appellant that the finding as to the deferred date of payment is without the issues. The answer set up no such defense, but simply alleges that the claim of plaintiff was paid and satisfied by the acceptance of a trust deed. We will not discuss this phase of the case, though it is readily seen that there is much merit in appellant's argument. At the trial· the deed of trust referred to was before the court and we prefer to conclude, for the purposes hereof, that it was considered and could be· considered in its entirety and we reach this conclusion in part from the informal nature of the presentation of fact wherein this issue was loosely presented. A brief outline of fact is here necessary. The owners of the premises had entered into an agreement for the sale thereof to certain parties referred to as Fishman. Under this agreement Fishman entered into possession and there-

after entered into the building contract with the present lien claimant. Pursuant to the terms of said building contract a building was to be erected upon the premises and the Fishmans agreed to pay therefor in installments. The total agreed price was $1457.50, which sum was to be paid as follows, namely, $50 on the day following the filing of notice of completion and $50 a month thereafter until the entire amount was paid. It was provided that the sum of $300, in addition to the monthly payments, was to be paid on July 1, 1926. The date of the agreement was August 22, 1925. In this building contract the Fishmans agreed to give to the builder a deed of trust as security for the payment of $1457.50. Accordingly, on the same date as the contract the Fishmans executed and delivered to the builder a deed of trust covering the premises held by them under their contract of purchase, in which deed of trust it was recited that the property was granted to a trustee for the purpose of securing the sum of $1457.50 in accordance with the building contract and that such deed of trust was subject to the terms of that conditional sales contract existing between the Fishmans and the owners. It is contended, though not strenuously, that the deed of trust operated as a payment of the obligation and was accepted as full and complete satisfaction thereof. The fact that it was given wholly as security that the debt would be paid negatives this argument. It is the holding of the court below that when the builder accepted from the Fishmans this deed of trust he waived his lien. Respondent cites no authority to uphold this conclusion. There is no direct statutory enactment in support thereof. At the time of the execution and delivery of the trust deed the Fishmans had no title to the property. They were in possession under the agreement between them and the owners wherein and whereby title was to pass only upon the payments therein provided. It is an agreed and found fact that the Fishmans defaulted in the payments under the contract and that the agreement of sale was not consummated. Obviously the deed of trust became valueless and in fact no security at all. The entire question of just what effect the taking of security may have upon a right of lien is fully discussed in the case of *Martin* v. *Becker,* 169 Cal. 301 [Ann. Cas. 1916D, 171, 146 Pac. 665]. The subject is further discussed in the case of *Bank of Italy*

v. *MacGill,* 93 Cal. App. 228 [269 Pac. 566]. Also in California Jurisprudence, .volume 17, page 161, appears a discussion upon the subject of waiver of liens. Incidental to these authorities is the case of *Otto* v. *Long,* 127 Cal. 471 [59 Pac. 895], anent the security given by mortgage where the mortgagor had no title. Applying the rules as announced in these cases to the facts before us it will be readily made obvious that there was no waiver of lien in the instant case and that the right of lien was in no manner impaired. A further discussion would merely be a summary of principles as announced in the cited cases and wholly unnecessary inasmuch as a reference to those cases entirely suffices the present needs.

The remaining question concerns the effect of the deferred payments agreed upon in the building contract. We have been cited to no authority holding that where a materialman or contractor agrees to accept deferred payments and default occurs therein that the right of lien is thereby waived or lost. The fact that the amount claimed may not be due would be a defense available to the owner. It is always essential to the foreclosure of a lien that the claimant prove that money remains unpaid and is due. And where a lien claimant fails to make this proof it does not follow that the lien itself was void from its inception, but merely that there is nothing due to him under his claim. Respondent relies throughout on the provisions of section 1190 of the Code of Civil Procedure. We find nothing in this section to support the contentions made. The lien before us was filed within thirty days from the date of completion. Section 1190 of the Code of Civil Procedure provides as follows: "No lien provided in this chapter binds any property for a longer period than ninety days after the same has been filed unless proceedings be commenced in a proper court within that time to enforce the same; or, if a credit be given and notice of the fact and terms of such credit be filed in the office of the county recorder subsequent to the filing of such lien and prior to the expiration of the ninety-day period, then ninety days after the expiration of such credit; but no lien continues in force for a longer time than one year from the time the work is completed, by any agreement to give credit." It is obvious that the section has reference to the time within

which suit must be commenced to foreclose the lien and the last portion thereof is simply as a proviso limiting that portion immediately preceding it. In the case before us the action was commenced within ninety days after the filing of the lien. In *Hughes Bros.* v. *Hoover,* 3 Cal. App. 145, 150 [84 Pac. 681, 683], it is said: "Giving to section 1190 the only force which it can possibly have is to interpret it as a statute of limitation which provides the time within which an action may be brought for the enforcement of a right." And we have noted, there is no question on the fact that the action was commenced within the time set forth.

Lastly, respondent seeks to uphold the judgment on the theory that inasmuch as the action was not brought to trial within two years from its commencement the trial court had the discretion to dismiss the same. (Code Civ. Proc., sec. 1190.) It is sufficient answer to note that the trial court did not dismiss the action, though we do not hold that the action was not brought to trial within two years from the date of its commencement. We might add, in conclusion, that we are not passing upon the question of the owner's liability in cases where the building contract is entered into and the improvements placed upon his property by one in possession under a contract or agreement of sale. In the court below it was assumed that the owner was liable if the lien was valid and not waived. It was conceded that no notice of nonresponsibility had been given, posted or filed as may have been necessary under the facts existing. Therefore, upon a retrial this question is open.

The judgment is reversed and cause remanded for further proceedings. This will be the order in each of the cases.

Spence, Acting P. J., and Sturtevant, J., concurred.