[Sac. No. 1074.    Department Two.—September 6, 1904.]

## CONTINENTAL BUILDING AND LOAN ASSOCIATION, Respondent, v. CHARLOTTE A. HUTTON, Appellant; CORLETT BROTHERS, Cross-Complainants, Respondents.

MECHANICS' LIENS—CONSTRUCTION OF CODE.—The Mechanics' Lien Law is a part of the Code of Civil Procedure, adopted in obedience to the requirements of the constitution. It is remedial in its character, and should be liberally construed, with a view to effect its objects and to promote justice.

ID.—FORECLOSURE OF LIEN FOR MATERIALS—EXCESSIVE CLAIM UNDER CONTRACT—ABSENCE OF FRAUD—EVIDENCE—HARMLESS JUDGMENT.— A recorded notice of a claim of lien for materials furnished which correctly stated the whole amount due to the claimant, but erroneously, though without fraud, stated it as due under the original contract, whereas a small part thereof was in fact due under an implied contract, is valid and admissible in evidence; and where the judgment foreclosing the lien was confined to the amount actually due under the original contract, it cannot be harmful to the owner appealing therefrom, and should be affirmed.

ID.—PLACE OF DELIVERY OF MATERIALS—SUPPORT OF FINDING.—Where the place of delivery of the materials stated in the claim of lien accorded with the finding of the court, *held,* that although the evidence showed that the materials were, in the first instance, to be delivered on board the cars at respondents' place of business, yet, taking the evidence altogether, it was fair to find that the materials were to be delivered at the place stated in the claim of lien, where the building was constructed, and were not to be paid for until so delivered.

ID.—FINDING AS TO STATEMENT OF DEMAND.—A finding that, so far as the amount included in the original contract and judgment is concerned, the notice of lien contained a true statement of the demand is in accord with the evidence.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion.

Coghlan & Harvey, for Appellant.

Raleigh Barcar, for Plaintiff, Respondent.

CXLIV. Cal.—39

Percy S. King, and W. H. Grant, for Cross-Complainants, Respondents.

GRAY, C.—In this action the plaintiff sought to foreclose a mortgage upon certain real estate in the town of Vacaville, county of Solano. The cross-complainants, Corlett Brothers, in the same action sought to enforce a mechanics' lien on the same property against the defendant Charlotte A. Hutton, the owner of said property. The said cross-complainants had judgment enforcing their lien for $1,425. The defendant Hutton appeals from said judgment and from an order denying her a new trial. The questions presented relate alone to the validity of the notice of lien filed by said Corlett Brothers. It is claimed that the notice of lien does not truthfully state the terms of the contract under which the materials were sold; that its statement as to the price is untrue; that it does not contain all of the contract, and that it does not truthfully state the agreement as to the place of delivery.

The notice of lien set forth an express oral contract, by which the materials were to be delivered to the contractor at Vacaville for the "contract price" of $1,565.30. The evidence upon the trial showed that materials to the value of said $1,565.30 were in fact furnished by the respondents and actually used in the building; but it also appeared that of the materials so furnished only fourteen hundred and twenty-five dollars' worth were furnished under the original contract between respondents and the contractor. The rest of the materials were furnished thereafter from time to time as ordered by the contractor. The judgment is only for the $1,425 found to have been furnished under the original contract. It is found that, so far as said sum of $1,425 is concerned, the notice of lien contained a true statement of the demand. It is further found that as to the balance of $140.30 the notice of lien did not truthfully state the terms of said contract, "in that said materials aggregating $140.30 were furnished upon an implied promise to pay therefor what the same were reasonably worth, and not upon an express promise for a specified sum, but such misstatement of the terms of said subsequent contract was not made with intent to deceive or defraud the owner or contractor or any person inter-

ested in the contract or said building, or the construction thereof, and no one was injured thereby.''

The Mechanics' Lien' Law is a part of the Code of Civil Procedure, adopted in obedience to the requirements of the constitution. It is remedial in its character, and should be ''liberally construed, with a·view to effect its objects and to promote justice.'' (Code Civ. Proc., sec. 4; *Corbett* v. *Chambers,* 109 Cal. 184.) Under this construction of it the trial court was fully warranted in allowing the cross-complainants a lien for the value of the materials actually furnished under the terms of the contract as specified in the claim of lien, and it was immaterial that too great an amount was claimed as due under this contract, unless it appeared that the excessive claim was for a fraudulent purpose. The whole amount due the cross-complainants was correctly stated in the claim; the only inaccuracy consisted in saying that that amount was due on the original contract, when in fact only $1,425 of it arose from that contract. The respondents obtained judgment only for the amount due under the contract stated in their claim of lien; the fact that they failed to state any further contract seems to have resulted in the loss to them of all lien on account of the articles furnished under such further contract. The appellant ought to be satisfied with a result which thus operates only to his advantage and can do him no possible harm in any other dire [tion]. ''It is quite clear that a recorded lien, good in othe[r] respects, cannot be rejected because the amount claimed is somewhat larger than can be sustained by the proofs, unless it be so willfully false as to amount to a fraud; and nothing of that kind appears here.'' (*Snell* v. *Payne,* 115 Cal. 218, at p. 222.)

The finding was, that the materials were to be delivered at Vacaville, and so was the statement contained in the lien, and both are sustained by the evidence. To be sure, the materials were to be delivered in the first instance on board the cars at Napa, where the respondents' place of business was, but as Waggoner, the contractor, testifies, ''The mill work was to be furnished from there to Vacaville,'' the purchaser paying the freight. ''The glass was to be put in place by Mr. Corlett in the building.'' Mr. Corlett testified that the goods were ''to be paid for on delivery at Vacaville.'' Taking the evidence altogether, it was fair to find from it that the

materials were to be delivered at Vacaville, and not to be paid for until so delivered.

The fifth finding, to the effect that so far as the sum of $1,425 is concerned, the notice contained a true statement of respondents' demand, was and is in accord with the evidence.

The notice of lien was valid and properly received in evidence.

The judgment and order appealed from should be affirmed.

Cooper, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.