[Civ. No. 1009. First Appellate District.—September 19, 1912.]

WILLIAM A. BLANCK, Respondent, v. COMMONWEALTH AMUSEMENT CORPORATION, Appellant.

HENRY COWELL LIME AND CEMENT COMPANY, a Corporation, Respondent, v. COMMONWEALTH AMUSEMENT CORPORATION, Appellant.

AMERICAN SUPPLY COMPANY, a Corporation, Respondent, v. J. E. MacCORMAC, Appellant.

F. A. STEWART, Respondent, v. COMMONWEALTH AMUSEMENT CORPORATION, Appellant.

W. P. FULLER & COMPANY, a Corporation, Respondent, v. COMMONWEALTH AMUSEMENT CORPORATION, Appellant.

MECHANICS' LIENS — FORECLOSURE AGAINST CORPORATION — DENIAL OF AUTHORITY—ACTS OF DIRECTORS—RECEPTION OF BENEFITS—ESTOPPEL.—In an action to foreclose mechanics' liens against a corporation, where it denied that any of the contracts were made by its authority, but the evidence shows that its directors had full knowledge of the contracts, and subsequently ratified the same, and requested an extension of time in which to pay the same, and there was no repudiation of the contracts by the corporation or its directors, it is held that the corporation, having knowingly received and obtained the benefits of the contracts thus entered into by its di-

rectors, cannot be heard to repudiate the contracts, or be permitted to escape the obligations thereof.

ID.—CONTRACTS WITH MATERIALMEN NOT REQUIRED TO BE RECORDED.— The requirement of section 1183 of the Code of Civil Procedure that all contracts over $1,000 shall be recorded does not apply to contracts made with materialmen, and the failure to record the contracts of materialmen does not render them void.

ID.—MISTAKES OR ERRORS IN LIENS—INCLUSION OF MATERIALS NOT USED—SUPPORT OF FINDING AGAINST FRAUD.—Under the provisions of section 1203a of the Code of Civil Procedure, as it existed when the liens were filed, and this case was decided, no mistake or error in the statement of a claim of lien will invalidate it, unless the court finds that such mistake or error was made with intent to defraud; and where there were mistakes or errors in certain claims of lien for materials, by including materials not actually used in the building, but the court found, upon sufficient evidence, that such mistakes and errors were unintentional and free from fraud, the liens were valid.

ID.—DETACHABLE AND PORTABLE MATERIALS PLACED IN STRUCTURE NOT AFFECTING LIENS.—The fact that certain materials used in the construction of the building were detachable and portable, such as an electric sign set in front of the building, and telephone equipments used for intercommunication between the various parts of the building, and a gas furnace and gas connections, and belaying pins, which were turned pieces of hardwood, which were part of the millwork of the building, cannot affect the validity of the claim of lien therefor.

ID.—DATE OF COMPLETION OF BUILDING—CONFLICTING EVIDENCE—QUESTION OF FACT—CONCLUSIVENESS OF FINDING.—Where the evidence as to the date of the completion of the building was conflicting, the question is one of fact to be determined by the trial court, and its finding thereupon is conclusive, and the defendant appealing to this court must abide by such finding.

ID.—CLAIMS OF LIEN FOR THE VALUE OF MATERIALS USED IN BUILDING—ADMISSIONS OF ANSWER.—Where claims of lien for the value of materials or supplies furnished and used in the construction of the building were not specifically denied, but were admitted by the answer, the allegations of the complaint in relation thereto must be taken as true, and it cannot be urged that they are unsupported by the evidence.

ID.—IMMATERIAL VARIANCE BETWEEN CLAIMS OF LIEN AND PROOF.— Where the several liens are founded upon the statement of an agreed price for the materials furnished, while the evidence shows that in some instances no price was agreed upon, but further shows that the alleged price of the materials furnished was in every instance the reasonable value thereof, it establishes that the statement of the several claims of lien was substantially correct, and the variance, if

19 Cal. App.—46

any, between the claims of lien and the proof must be held to be immaterial.

ID.—JUDGMENT—SALE OF PROPERTY TO SATISFY LIENS—JUDGMENT FOR DEFICIENCY AGAINST OWNER — JUDGMENT NOT PERSONAL.—Where, by the terms of the judgment, it directs that the defendant's interest in the property be sold to satisfy the established liens against it, in the manner prescribed by law, and that, "in case the proceeds of such sale do not suffice to pay to each of said plaintiffs the full amount for which he has judgment hereunder, then a judgment for deficiency shall be docketed in favor of each of said plaintiffs and against the defendant," the judgment for foreclosure and sale was not a personal judgment against the owner, in violation of the provisions of section 1194 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edgar C. Levey, George M. Lipman, and Daniel C. Deasy, for Appellant.

James P. Sweeney, and Olney, Pringle & Mannon, for William A. Blanck, Respondent.

Olney, Pringle & Mannon, for Henry Cowell Lime and Cement Company, Respondent.

Robert H. Countryman, for American Supply Company, Respondent.

R. V. Whiting, for E. E. Stewart, Respondent.

Adams & Adams, for W. P. Fuller & Company, Respondent.

LENNON, P. J.—These actions were instituted by the plaintiffs therein for the foreclosure of fifteen mechanics' liens claimed by the several plaintiffs for materials furnished in the construction of a theater building, erected by the defendant upon a certain lot of land in the city and county of San Francisco. The five actions were consolidated in the court below, and judgment rendered therein in favor of the plaintiffs.

The appeal is from the judgment and from the order denying the defendant a new trial.

The building in question was erected by the defendant upon leased ground in accordance with the terms of a written contract entered into between the defendant and one Henry C. Farley. The contract for the erection of the building was never recorded.

The defendant contends at the outset that the several and various contracts under which materials were supplied in the erection of the building were not binding upon the defendant, and should not have been admitted in evidence, because it was not shown that, although made in the name of the defendant, they were subscribed by the president and secretary of the defendant and executed under its corporate seal. Although the record fails to show that any of the agreements offered and received in evidence as the contracts of the defendant were executed by the parties signing the same under any express authority of the defendant, nevertheless the record does disclose a subsequent ratification of the several contracts sufficient in each instance to hold the defendant liable for the sums due thereunder. The evidence shows, for instance, that all of the contracts were entered into upon behalf of the defendant at different times during the construction of the building by individual directors and officers of the defendant; that the defendant paid for the first lot of materials which was delivered and used; that some of the material delivered for use in the building was rejected and returned by the agent of the defendant, for which credit was sought and given to the defendant; that two of the directors of the defendant had personal knowledge of the erection of the building and observed and inspected it several times during the course of its construction; that the construction of the building was in charge of an agent of the defendant, to whom the materials were delivered, and who must have known what materials were received at the building and actually used in its construction; and finally that the directors and officers of the defendant subsequently acknowledged the several items claimed to be due, and asked for time in which to pay the same.

The record on the other hand does not show that the defendant at any time repudiated any of the contracts, or denied receiving the benefits thereof.

Having knowingly received and retained the benefit of contracts entered into by its directors and officers, even though the contracts were without the specific authority of the defendant, it will not now be heard to repudiate those contracts or be permitted to escape the obligations thereof. (*Scott* v. *Superior Sunset Oil Co.,* 144 Cal. 140, [77 Pac. 817]; *Underhill* v. *Santa Barbara,* 93 Cal. 300, [28 Pac. 1049]; *Carpy* v. *Dowdell,* 115 Cal. 677, [47 Pac. 695]; *Cummings* v. *Kearney,* 141 Cal. 156, [74 Pac. 759].)

The requirement of section 1183 of the Code of Civil Procedure that all contracts over $1,000 shall be recorded does not apply to the contracts of the San Francisco Cornice Company, Duthie-Clark Company and Henry Cowell Lime and Cement Company. These were in each instance the contracts of materialmen; and it is well settled that the failure to record the contracts of materialmen does not render them void. (*Hinckley* v. *Fields Biscuit Co.,* 91 Cal. 136, [27 Pac. 594]; *Roebling Co.* v. *Humboldt Co.,* 112 Cal. 288, [44 Pac. 568]; *Bennett* v. *Davis,* 113 Cal. 337, [54 Am. St. Rep. 354, 45 Pac. 684]; *Bryson* v. *McCone,* 121 Cal. 153, [53 Pac. 637].)

In response to defendant's contention that the claims of lien filed by the Bradley-Martin Company, the Bruce Lumber Company and the San Francisco Cornice Company were void, because of the alleged willful and fraudulent inclusion therein of materials not actually used in the building under construction, it will suffice to say that the trial court specifically found that in each instance the mistakes and errors of the several claims of lien were unintentional and free from fraud. This finding is fully supported by the evidence, and under the provisions of section 1203a of the Code of Civil Procedure as it existed when the liens were filed and this case decided, no mistake or error in the statement of a claim of lien will invalidate it unless the court finds that such mistake or error was made with the intent to defraud.

A lien was allowed to the Bradley-Martin Company for an electric sign, which consisted of a swinging bracket set into the front of the building. A lien was allowed to the Electric Railway and Manufacturers' Supply Company for supplying and installing telephone instruments and telephone equipment. These telephones were used for intercommunication between the various portions of the building. The Gas Fur-

nace Company was allowed a lien for a gas furnace and gas connections installed in the building for heating purposes. The Bruce Lumber Company was allowed a lien for belaying pins supplied to and used in the building. It is the claim of the defendant that the materials supplied by the several firms just mentioned were personalty which were not necessary to the construction of the building, and therefore could not be made the subject of a lien.

This contention is founded upon the fact that all of the materials mentioned were detachable and portable. There is no merit in this contention. Obviously, all of the materials mentioned, save the belaying pins, were apparently necessary to the convenient use and occupation of the premises and were well within the architectural scheme of the building to which they were attached. This being so, they entitled the materialman to a lien just as much as would the plumbing, bathroom fixtures and other necessary fixtures of an ordinary dwelling.

We do not know, and the record does not show, why "belaying pins" should be necessary in the construction of a theater building. It does appear, however, that the belaying pins used in the construction of this particular building were "turned pieces of hardwood." From this meager bit of information we should judge that the belaying pins were a portion of the millwork used in the building, and, aside from the mere assertion of counsel for the defendant to the contrary, we are unable to discover either in the record or the briefs of counsel any good reason why millwork, even though it assumed the shape of belaying pins, is not the subject of a lien.

The evidence as to the date of the completion of the building is in conflict. This was a question of fact to be determined by the trial court. The finding in this behalf was against the contention of the defendant, and in the presence of a conflict in the evidence the defendant in this court must abide by the finding.

Our attention is called to the fact that the claim of lien of the Electric Railway and Manufacturers' Supply Company for electric supplies is not supported by evidence showing the agreed price or the reasonable value thereof. Plaintiff, however, alleges that the electric supplies were contracted for at the agreed price of $49.35, which it was also alleged was the reasonable value of the same. The answer of the defendant

with reference to this particular item was in the form of a negative pregnant. This was not a denial of the allegation of the complaint. It was in effect an admission that the electric supplies furnished for and used in the building were of the value stated in the complaint, and therefore the answer of the defendant raised no issue upon the subject of value.

The allegations of the complaint with reference to the claim of lien of the Duthie-Clark Company for installing the gridiron and fire-escape, and the allegations of the complaint concerning the claim of M. C. Baker & Sons for electrical work, stand undenied by the defendant's answer. Consequently these allegations must be taken to be true. This being so, it would be a waste of time and words to further discuss defendant's contention that these particular claims of lien are not supported by the evidence.

If there be a variance between the several claims of lien, as claimed by the defendant, and the proof offered in support thereof, the variance in each instance is nonsubstantial and immaterial. The several liens are founded upon the statement of an agreed price for the materials furnished, while the evidence shows in some instances that no price was agreed upon. The evidence further shows, however, that the alleged agreed price of the materials furnished in every instance was the reasonable value thereof, and therefore the statement of the terms of the several contracts as set forth in the several claims of lien was substantially correct, and the variance, if any, must be held to be immaterial. (*Star Mill & Lumber Co.* v. *Porter*, 4 Cal. App. 470, [88 Pac. 497] ; *Lucas* v. *Rea*, 10 Cal. App. 641, [102 Pac. 822] ; *Lucas* v. *Gobbi*, 10 Cal. App. 648, [103 Pac. 157] ; *Acme Lumber Co.* v. *Wessling*, 19 Cal. App. 406, [126 Pac. 167].)

Other objections of minor importance and similar in character to those just enumerated are urged against the validity of the liens of the several remaining lien claimants. Upon an examination of the record we find that they do not possess sufficient merit to warrant a discussion of them further than to say that the variances complained of are in some instances more seeming than real, and that the real variances, if any, are, for the reasons hereinbefore stated, nonsubstantial and immaterial.

Defendant complains of the judgment and seeks a reversal thereof upon the erroneous assumption that the trial court rendered and entered in part a purely personal judgment against the defendant, contrary to the provisions of section 1194 of the Code of Civil Procedure as it stood when the action was commenced and determined. The judgment is not susceptible of any such construction. The sum and substance of the judgment is, after declaring that judgment in certain specified sums be entered in favor of each of the plaintiffs and against the defendant, that the several liens sued upon be foreclosed against the interest of the defendant in the property involved. The judgment directs that the defendant's interest in the property be sold by the sheriff in the manner prescribed by law; and that "in case the proceeds of such sale do not suffice to pay each of said plaintiffs the full amount for which he has judgment hereunder, then a judgment for any deficiency shall be docketed in favor of each of said plaintiffs and against the defendant Commonwealth Amusement Company."

It will thus be seen that by the very terms of the judgment no judgment except for a deficiency could be docketed against the defendant, and that the judgment itself could not have been enforced as a purely personal judgment against the defendant except in the contingency that a deficiency might be shown by the return of the sheriff. So construed, the judgment does not violate the provisions of section 1194 of the Code of Civil Procedure. (*Painter* v. *Painter,* 98 Cal. 625, [33 Pac. 483]; *Central etc. Co.* v. *Center,* 107 Cal. 193, [40 Pac. 334]; *Kreling* v. *Kreling,* 116 Cal. 458, [48 Pac. 383]; *Hines* v. *Miller,* 126 Cal. 683, [59 Pac. 142].)

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.