[L. A. No. 4034.   Department Two.—August 9, 1917.]

W. H. JARVIS et al., Partners, etc., Plaintiffs, v. A. FREY et al., Defendants; THE UNIVERSAL LUMBER & MILL COMPANY, Appellant; PACIFIC SURETY COMPANY (a Corporation), Respondent.

MECHANIC'S LIEN—PERSON TO WHOM MATERIALS WERE FURNISHED— SUFFICIENCY OF CLAIM OF LIEN.—A claim of lien is sufficient under section 1187 of the Code of Civil Procedure, where it gives the name of the contractor who entered into the contract with the claimant for the furnishing of the materials, and states that the materials were furnished and used, although it does not expressly state to whom the materials were furnished.

ID.—PRICE OF MATERIALS — IMMATERIAL VARIANCE.—A claim of lien which states the contract price for materials furnished is not invalid because a small part of the materials were furnished under an implied contract to pay their reasonable value, the total amount due being correctly stated and there being an absence of fraud or intentional misrepresentation.

ID.—NONSERVICE OF COPY OF FINDINGS—POINT NOT AVAILABLE.—Upon an appeal from a judgment the respondent cannot urge in support thereof that a copy of the proposed findings was not served on it within the five days required by section 634 of the Code of Civil Procedure, where it recovered the judgment desired.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Frank Hodge, and Wade Garfield, for Appellant.

Patterson Sprigg, for Respondent.

HENSHAW, J.—The appellant, Universal Lumber & Mill Company, was a party to and cross-complainant in a consolidated action to enforce the payment of certain mechanics' liens. Defendant Frey was the owner, defendant Campbell the original contractor, and defendant and respondent Pacific Surety Company, a corporation, was the surety upon the contractor's undertaking, conditioned on the faithful performance by him of his contract, and binding the surety, should

Campbell fail to do so, to pay for any materials or supplies furnished for and in the performance of his contract. The undertaking provided "that all such claims shall be filed as required by section 2 of the act of the legislature approved March 27, 1897, entitled 'An act to secure the payment of claims of materialmen,' etc."

After trial the court made its findings of fact and conclusions of law, denying to this appellant the right to enforce its lien for infirmities which the court found to exist in the lien claim as filed, which infirmities rendered it invalid. It reserved its decision touching the right of this appellant to a judgment against the Pacific Surety Company, defendant and respondent herein. Subsequently it gave its judgment for this respondent and against this appellant, based upon the identical grounds above noted, namely, the invalidity of the lien claims.

The first fatal defect in the lien claim as found by the court lies in the fact "that it does not specify to whom the Universal Lumber & Mill Company furnished the materials, all statements therein referring to the same, being inferential only, and by way of legal conclusion, and that the same does not contain a direct or any statement of the fact as to whom said materials were delivered." Section 1187 of the Code of Civil Procedure provides that the claim of lien shall contain "the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the price, if any, agreed upon for the same and when payable." This lien claim stated that the Universal Lumber & Mill Company "supplied materials to be used and which were actually used in the construction of the building," which is sufficiently described. It then proceeded to declare "that W. F. Campbell is the name of the contractor who on or about the twentieth day of January, 1911, as such contractor, entered into a contract with said Universal Lumber & Mill Company, under and by which it agreed to furnish to said contractor for said building certain lumber, mill work, and building material, and the following is a statement of the terms, time given, and conditions of said contract, to wit: . . . That the amount of the contract price for such material furnished as aforesaid is $3,739.38 in United States gold coin." The lien claim then specifies the payments made on account of the contract price and sets forth the remainder

as being still due, unpaid, and owing, after deducting all just credits and offsets.

The trial court ruled all too rigidly in holding this lien claim to be invalid. Certainly if these liens were found in a civil pleading they would be sufficient to render the complaint impregnable to attack saving under special demurrer, and certainly also a less and not a greater precision is required in the setting forth of a lien claim than that which is exacted in the averments of a civil complaint. No one reading this lien claim could doubt for a moment that it means, and clearly enough indicates its meaning, that Campbell, the contractor of Frey (the owner of the property), for the erection of a building thereon, himself contracted with the Universal Lumber & Mill Company for the purchase of building material, which was to be used, and which was in fact used, in the construction of that building. (*Russ Lumber & Mill Co.* v. *Garrettson*, 87 Cal. 589, [25 Pac. 747].)

The second finding upon which the conclusion of the invalidity of this lien claim was based is that it "does not truthfully contain a statement of the terms, time given and conditions . . . but, on the contrary, the statements therein contained that 'the amount of the contract price for said materials furnished as aforesaid is $3,739.38, in United States gold coin,' is untrue in fact; that there was an express contract betweeen the defendant, W. F. Campbell, and the said defendant, Universal Lumber & Mill Company, to furnish certain materials for $3,219.00, and an implied contract to pay *quantum meruit* for the balance of the materials furnished or to be furnished, which the court finds to be the sum of $520.38." It is true that in *Wilson* v. *Nugent*, 125 Cal. 280, [57 Pac. 1008], this court held that a lien claim which declared that the contract was for the payment of "the reasonable market value of the materials so furnished" was not supported by evidence of a purchase by the contractor at a fixed price and that the lien claim being wholly untruthful in this respect, and there being a fatal variance between it and the proof offered in its support, the right to a lien was lost. But such is not the case here presented. Section 1203a of the Code of Civil Procedure now declares that mistakes or errors shall not invalidate a lien claim unless "made with the intent to defraud," or unless the court shall find that the rights of an innocent third party have intervened and

that the "notice of claim was so deficient that it did not put the party upon further inquiry in any manner." No such situation here results. The lien claim under the finding of the court is essentially true. By far the greater part of the material was furnished, as the lien claim declares, under a fixed contract price. The implied contract to pay the reasonable value of the material operated only upon a small portion of those materials. The total amount due is correctly stated as the court finds. There is a failure to find fraud or intentional misrepresentation, and manifestly no party in interest was or could have been injured by this insignificant variance. Nor does the court find that anyone was so injured. This lien claim is clearly good within the principle enunciated in such cases as *Harmon* v. *San Francisco etc. R. R. Co.*, 86 Cal. 617, [25 Pac. 124], *Continental Building etc. Assn.* v. *Hutton*, 144 Cal. 609, [78 Pac. 21], *Stockton Lumber Co.* v. *Schuler*, 155 Cal. 411, [101 Pac. 307], *Star Lumber & Mill Co.* v. *Porter*, 4 Cal. App. 470, [88 Pac. 497], *Lucas* v. *Gobbi*, 10 Cal. App. 648, [103 Pac. 157], and *Blanck* v. *Commonwealth etc. Corp.*, 19 Cal. App. 720, [127 Pac. 805].

Respondent urges in support of the judgment that a copy of the proposed findings was not served on it within the five days required by section 634 of the Code of Civil Procedure. It is not made plain how this asserted error of the court can be used by respondent upon appeal to support a judgment. Nor even if this argument was open to him to make, would a reversal be ordered without a showing of injury, and here it clearly appears that respondent received under these findings precisely the judgment which it desired. Such other matters as are urged against this judgment are disposed of by this court's order refusing to dismiss this appeal.

The judgment appealed from is therefore reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.