[Civ. No. 7990. First Appellate District, Division Two.—August 26, 1931.]

LOS ANGELES BOARD OF ADJUSTERS (a Corporation), Appellant, v. T. W. BAILES et al., Defendants; MARY A. BERRY et al., Respondents.

Derthick & Hull, Wm. J. Cusack and Herbert Ganahl for Appellant.

Arthur C. Baker and Lyle Pendegast for Respondents.

NOURSE, P. J.—Plaintiff sued to foreclose a mechanic's lien. The cause was tried before the court and, at the close of plaintiff's case, the trial court granted a nonsuit. as to certain defendants. The plaintiff appeals on typewritten transcripts.

Plaintiff is the assignee of Union Tank and Pipe Company, a corporation. This company sold to defendant Bailes a quantity of oil-well casing which Bailes used in sinking a well upon property owned by defendant Barry, and located at Huntington Beach, Orange County. The contract price with Bailes for the materials furnished was $1945. When the company filed its claim of lien for these materials it entered the amount due as $2,949. On the trial it developed that this sum of $2,949 was due the company upon a separate account with Bailes for materials furnished him to be used upon property located at Signal Hill in Los Angeles County. Upon this showing, the trial court sus-

tained objections to the offer in evidence of the claim of lien and the assignment thereof. If these rulings were sound, the order granting the nonsuit was proper because plaintiff had no evidence establishing the lien, which it sought to foreclose.

The evidence was without contradiction that 480 feet of 13-inch casing, together with a shoe and guide, were furnished Bailes by the pipe company; that these materials went into the improvements on respondent's property; and that the agreed price therefor was $1945. It was also shown that the pipe company had another charge against Bailes on account of pipe furnished him to be used on property in Signal Hill. This charge was for 720 feet of pipe, amounting to $2,949. In the claim of lien here at issue the company inadvertently inserted the figures $2,949 as the amount due. Because this charge was identical with another account on the books against Bailes it is argued that no legal claim of lien was filed against the property in suit. Upon this theory the trial court excluded from evidence the claim of lien and the assignment.

We are unable to agree with this ruling. Section 1203 of the Code of Civil Procedure provides that: "no mistake or errors in the statement of the demand, or of the . . . balance asserted to be due . . . shall invalidate the lien, unless the court finds that such mistake or error . . . was made with intent to defraud, or (matters not material)". Here there was no claim of fraud. Appellant alleged and proved without contradiction an honest mistake or error. There was no claim and no proof that respondents were misled or that they suffered any injury through the error. A statute of this character demands that we give it full effect where applicable. The true purpose of the statute is to relieve a lien claimant from the consequences of an error of this nature. The fact that the amount erroneously inserted in the claim was identical with another account for goods sold does not affect the case. If the legislature had intended an exception in such cases it would have so declared. But the only exceptions made are those involving fraud and the rights of innocent third parties. We are satisfied that this case must be ruled by the statute.

Order reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1931.