[Civ. No. 7298. First Appellate District, Division Two.—March 30, 1932.]

RICHMOND SANITARY COMPANY (a Corporation), Appellant, v. JULIUS L. FRANKLIN et al., Respondents.

Bianchi & Hyman for Appellant.

R. L. Husted for Respondents.

STURTEVANT, J.—From an order granting a nonsuit in favor of the owner in an action to foreclose a mechanic's lien the plaintiff has appealed.

As stated in the plaintiff's opening brief and conceded in defendant's brief, the appeal involves only one question, which is: ". . . whether or not there is a material variance between the pleading of the contract and the proof thereof and also whether or not there is a material variance between the contract set up in the notice of lien and the contract attempted to be proven at the trial". However, the defendant adverts to the fact that there was no proof that the price was agreed on nor was there any proof of the reasonable value. The latter proposition is true, but its truth arises by reason of the opening statements made by the respective attorneys. In both statements it was conceded that the price was agreed upon. In its complaint the plaintiff alleged: "that the defendants agreed to pay for said plumbing fixtures the sum of $393.66 to be paid at once to plaintiff herein at the market value of the same and all of the same and that the reasonable charge for said plumbing fixtures was the sum of $393.66 above mentioned. . . . That there is a balance now due, owing, payable and unpaid on account of the matters herein alleged from said defendants to said plaintiff in the sum of $393.66." In the claim of lien, among other recitals are to be found the following: ". . . that under and by virtue of the terms of said contract said Charles Schuldt was to pay Richmond Sanitary Com-

pany the sum of three hundred ninety-three and 66/100 dollars ($393.66) . . . that the amount [balance?] of the said contract price of said materials furnished, as aforesaid, was and is the sum of three hundred ninety-three and 66/100 dollars ($393.66) lawful money of the United States; that no part of said sum has been paid and the whole thereof, to-wit, the sum of three hundred ninety-three and 66/100 dollars ($393.66) is now due, owing, payable, and unpaid thereon to said Richmond Sanitary Company, a corporation, after deducting all just credits and offsets." (Brackets ours.) The undisputed proof was that the plaintiff's entire bill amounted to $692.46; that there was paid on account $300 and that the balance due was $392.46. At the end of the plaintiff's case the defendant made his motion for a nonsuit and based it on the fact that as he claimed the notice of lien alleged a contract for $393.66, whereas the proof showed *a contract* for $692.46, a credit of $300, and a *balance of $392.46*. In support of his motion he cited and relied on *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 376, 379–381 [51 Pac. 555]. That case was decided in 1897: In 1911 our statutes on the subject of mechanics' liens were wholly revised. (Stats. 1911, p. 1313, chap. 681.) Section 1187 of the Code of Civil Procedure, among other things, provides: ". . . every person save the original contractor . . . may file for record with the county recorder . . . a claim of lien containing a statement of his demand after deducting all just credits and offsets. . . . " Section 1203 of the Code of Civil Procedure, among other things, provides: "Mistakes in statement not to invalidate lien. No mistake or errors in the statement of the demand . . . shall invalidate the lien, unless the court finds that such mistake or error in the statement of the demand, . . . was made with the intent to defraud, or the court shall find that an innocent third party, without notice, direct or constructive, has since the claim was filed, become the *bona fide* owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry in any manner." In the instant case there was not a particle of evidence purporting to be fraud and there was no claim that the rights of third parties have intervened. Looking back at the claim of lien, it will be noticed that the only possible error was the use of the word "amount"

instead of the use of the word "balance". Other expressions may be said to be ambiguous but may not be said to be untrue. Even prior to the amendment of the code, in a well-considered case, it was said: "Whether the full amount of the contract price was stated, with credits, or the true amount due after deducting credits, is immaterial provided the facts were correctly stated." (*Star Mill & Lumber Co.* v. *Porter*, 4 Cal. App. 470, 473 [88 Pac. 497, 498].) Since the enactment of section 1203 of the Code of Civil Procedure many cases have been decided on the authority of that section. No one of them has followed the harsh rule stated in the case of *Santa Monica L. & M. Co.* v. *Hege, supra.* It will suffice to cite *Jarvis* v. *Frey*, 175 Cal. 687, 689, 690 [166 Pac. 997], and cases there cited. It follows there was no material variance between the notice of lien and the proof.

As between the proof and the complaint we find no actual variance. Be that as it may, the variance, if any, was not prejudicial to the defendant because he was not prevented from setting up and availing himself of any defense. (*Acme Lumber Co.* v. *Wessling*, 19 Cal. App. 406, 413, 414 [126 Pac. 167].)

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.