[Civ. No. 23866.   Second Dist., Div. Two.   Oct. 21, 1959.]

J. CHILSON, Respondent, v. P. G. INDUSTRIES
(Individual's Fictitious Name), Appellant.

Dennis L. Woodman for Appellant.

Samuel Reisman for Respondent.

FOX, P. J.—This is an appeal by defendant P. G. Industries from a summary judgment and from the order granting plaintiff's motion therefor.

Plaintiff brought this action to recover the balance of the purchase price of certain merchandise sold and delivered to the defendant* by plaintiff's assignor. The affidavit in support of the motion for summary judgment has attached photostatic copies of the initial invoices and, also, certain credit memoranda representing returned merchandise. The affidavit on behalf of plaintiff states that defendants ''contend that although they originally received the merchandise . . . that thereafter they returned a portion thereof other than the items for which credit was given . . . and that they are entitled to additional credits; that plaintiff's assignor has no record of receiving any merchandise returns other than those for which credit has been given . . . and plaintiff's assignor has requested that the said defendants . . . furnish the plaintiff's assignor with bills of lading and receipts signed by plaintiff's assignor in order to verify the aforesaid returns and the receipt thereof by plaintiff's assignor, but the defendants . . . have failed and refused to furnish plaintiff's assignor with any of such purported bills of lading or receipts, and . . . that the defendants . . . have failed to furnish said bills of lading and receipts for the reason that the same do not exist, and that there still remains past due and owing from the said defendants . . . on account of the merchandise purchased from plaintiff's assignor, the . . . sum of $813.24, plus interest at the lawful rate of seven per cent per annum, from and after December 1, 1957.''

---

*While P. G. Industries and Andrew Gyorke are named as defendants, it appears that the latter is the sole owner of P. G. Industries, hence it will be referred to herein as the defendant.

The affidavit in opposition was executed by Mr. Gyorke, the sole owner of P. G. Industries. He states that "a bona fide issue in dispute exists in the above entitled cause . . . in that affiant claims the return of certain merchandise to plaintiff's assignor, for which plaintiff's assignor refuses and continues to refuse, to give additional credit to defendant; . . . that the value of such merchandise returned and the credit claimed is the sum of $828.52; that the propriety of such claim and wrongfulness of plaintiff's assignor in refusing such claim, is the issue to be determined by a trial on the merits of the above entitled action. That affiant, being personally familiar with said matters, is competent to testify thereon, and, if sworn, would so testify."

"In a proceeding under section 437c, Code of Civil Procedure, issue finding rather than issue determination is the pivot upon which the summary judgment law turns." (*Whaley* v. *Fowler*, 152 Cal.App.2d 379, 381 [313 P.2d 97].) The affidavits on behalf of the moving party must be strictly construed. (*Kimber* v. *Jones*, 122 Cal.App.2d 914, 919 [265 P.2d 922].) "Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto. The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact." (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264].) "The facts alleged in the affidavits of the party against whom the motion is made must be accepted as true and they need not be composed wholly of evidentiary facts." (*Travelers Indemnity Co.* v. *McIntosh*, 112 Cal.App. 2d 177, 182 [245 P.2d 1065]. See also *Griffith* v. *Department of Public Works*, \*(Cal.App.) 338 P.2d 920.) "If any doubt exists whether summary judgment should be granted, it should be resolved against the moving party." (*Whaley* v. *Fowler, supra.* See also *Travelers Indemnity Co.* v. *McIntosh, supra.*)

In the instant case there is a clear, factual dispute

---

\*A hearing was granted by the Supreme Court on July 1, 1959. The final opinion of that court is reported in 52 Cal.2d 848 [345 P.2d 469].

as to whether plaintiff's assignor has given defendant credit for all the merchandise that defendant has returned. The affidavit by the secretary of plaintiff's assignor reveals that there is a dispute between the parties as to whether or not credit has been given for all returned merchandise. The affiant then attempts to show that there is no substance to defendant's claim by stating that plaintiff's assignor has no record of receiving any merchandise returns other than those for which credit has been given and by further stating that although plaintiff's assignor has requested defendant to furnish bills of lading and receipts showing such returns, the defendants have failed to furnish such documents. Affiant then asserts that the failure to furnish such evidence of returned merchandise is because such evidence does not exist. It thus seems clear from the affidavit on plaintiff's behalf that he is seeking to have the trial court determine from the affidavits that no merchandise has been returned by defendant other than that represented by the credit memoranda attached to his affidavit. This is an attempt to have the trial court decide a disputed issue of fact upon the affidavits. While the affidavit on behalf of defendant is not as specific as it might be, it clearly discloses that there is a dispute between the parties as to whether or not proper credit has been given for returned merchandise. Gyorke makes it clear that the returned merchandise for which credit has not been given amounts to $828.52—some $15 more than the balance that plaintiff claims. He further states that he is personally familiar with these matters; that he is competent to testify regarding the same, and, if sworn, would so testify.

Giving the Gyorke affidavit on behalf of defendant a liberal interpretation and accepting it as true, and taking into account plaintiff's acknowledgment that there is a dispute between the parties relative to whether or not full credit has been given for returned merchandise and plaintiff's inconclutive effort to discredit defendant's position since the affidavit on his behalf must be strictly construed—all lead to the conclusion that there is serious doubt whether credit has been given for all returned merchandise. In such circumstances a summary judgment should not have been rendered. The court went beyond issue finding to issue determination. This it may not properly do in a summary judgment proceeding.

■ The attempted appeal from the order granting plaintiff's motion for summary judgment is dismissed, since there

is no appeal from such an order. (*Haumeder* v. *Lipsett,* 90 Cal.App.2d 167, 169 [202 P.2d 819].) The appeal is from the judgment.

The judgment is reversed.

Ashburn, J., and Herndon, J., concurred.