[Civ. No. 25783. Second Dist., Div. Two. June 13, 1962.]

CALVIN E. CALLAHAN, Plaintiff and Appellant, v. CHATSWORTH PARK, INC., Defendant and Respondent.

598

Pregerson & Costley and William M. Costley for Plaintiff and Appellant.

Robert G. Leff for Defendant and Respondent.

ASHBURN, J.—Plaintiff appeals from a summary judgment rendered against him in an action for foreclosure of a mechanic's lien. The matter arose upon motion made by defendant (before answering) to strike the complaint and dismiss the action as sham and frivolous, invoking the authority of section 435, Code of Civil Procedure[1] (enacted in 1955); also *Lincoln* v. *Didak*, 162 Cal.App.2d 625, 631 [328 P.2d 498]. The court elected to treat the motion as one for summary judgment, thus following the procedure outlined by the Supreme Court in *Pianka* v. *State of California*, 46 Cal.2d 208, 211-212 [293 P.2d 458].

---

[1] Code Civ. Proc., § 435: "The defendant, within the time required in the summons to answer, either at the time he demurs to the complaint, or without demurring, may serve and file a notice of motion to strike the whole or any part of the complaint. The notice of motion to strike shall specify a hearing date not more than 15 days from the filing of said notice, plus any additional time that the defendant, as moving party, is otherwise required to give the plaintiff. If defendant serves and files such a notice of motion without demurring, his time to answer the complaint shall be extended and no default may be entered against him, except as provided in Sections 585 and 586, but the filing of such a notice of motion shall not extend the time within which to demur."

The complaint was in two counts, the first of which sought recovery for labor and material furnished to the job on the basis of reasonable value of $19,413.11; the second count rested upon a written agreement of March 31, 1960, specifying a price of $14,000, but the pleader alleged $21,738.11 to be due and owing; appellant's opening brief says that the last mentioned amount included $2,325 damages for breach of contract. This second count was ultimately dismissed.

Section 437c, Code of Civil Procedure, which governs summary judgments, specifies that the motion shall be "supported by affidavit of any person or persons having knowledge of the facts," also that, "[t]he affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto." Again: "The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

The instant notice of motion was accompanied by a declaration (the equivalent of an affidavit under Code Civ. Proc., § 2015.5) of Arnold Lesin, dated January 24, 1961, who stated that "I am" president of Chatsworth Park, Inc., the defendant corporation; also that he "engaged plaintiff Calvin E. Callahan under a written agreement on March 31, 1960," obviously referring to the agreement alleged in the second count of the complaint and attached thereto as Exhibit A. It may be assumed that these allegations are the equivalent of an averment of personal knowledge and competence to testify thereto, but subsequent allegations of the Lesin declaration clearly do not measure up to the statutory standard. It consists in the main of enumeration of credits and offsets to which defendant claimed to be entitled, and not mentioned in the notice of mechanic's lien (which notice is not in the complaint or elsewhere in the record),—all leading up to the conclusion "that the claim of the plaintiff is sham and frivolous, without merit, and that the lien claim and action is filed purely for harassment."

In numerous instances the declaration asserts that claims were made against defendant by creditors of plaintiff for work or labor on the job and that a compromise payment or a

payment in full was made by defendant, giving rise to a credit upon or offset against plaintiff's claim. But it is not averred that declarant Lesin had any personal knowledge of the respective claims or their merits or their disposition. Nor is it alleged that plaintiff was given notice of the claims or that he had knowledge thereof or that he sanctioned in any way the payments made by defendant except in two instances —the claim of Kirby-Erwood Co., which was paid by joint check to Kirby-Erwood Co. and Cecco (plaintiff's fictitious name); also payment of an aggregate of $608.20 to certain laborers.

Claims of Bob Farrell for $552.50, White's Water Truck for $535.30, R. H. Hening for $1,775.50, are said by Lesin to have been paid by defendant or settled, with releases and assignments of claim taken by defendant. Whether this was done to the knowledge or with the consent of plaintiff is not shown or when, if at all, before the filing of the Lesin declaration plaintiff was advised of these facts. What were the merits of these claims or how ascertained is not stated. Defendant claims a credit of $2,864 asserted to be due to R. H. Flickinger Co. for rental of equipment to plaintiff; but nothing is said about the merits of the claim or any investigation of same, merely that defendant was served as a defendant in a mechanic's lien foreclosure and plaintiff "was not available for service in that action and defendant was required to pay said claim and obtained a release and assignment of it"; also that defendant was required to pay attorney fees in the sum of $170 in connection with that suit. Was the claim meritorious, wholly or in part? If so, how did defendant determine that fact? Was the attorney fee fixed by the court or was it a compromise amount? Who handled this transaction and had personal knowledge of the facts pertaining to it? To none of these questions does the Lesin declaration give an answer.

Credit is claimed by defendant for an amount of $936 asserted by Willard W. Shepherd as plaintiff in a foreclosure action which is still pending; also, for a claim of Bohannan Bros., Inc., which has not been sued upon or paid. Who knows about the merits of these claims? Lesin? We are not told.

Lesin further avers that, "[f]urther, by agreement on July 14, 1960, defendant paid Construction Company, as a subcontractor, the sum of $2,102.73 in settlement of other claims."

With whom was this agreement made and by whom was it handled for defendant? What personal knowledge of it does Lesin have?

The above claims of credit or offset made in the Lesin declaration aggregate $14,202.55. He says in paragraph 14, without showing personal knowledge or descending to constituent facts, that "[a]s a result of the demands to complete the work and the failure of plaintiff to do so and the subsequent release, defendant engaged other contractors to complete the work and paid one Lester McCoy the total sum of $6,801.18 and paid one O. M. Jack the sum of $639.42 on December 1st. The total lien claims against the property on the work done by Callahan was $13,246.63. The work to complete, which is only partial, as stated above, is $7,481.60, a total of $20,727.23, apart from the Shepherd claim, which is $936.00. We have another bill of O. M. Jack for $962.88, and all of this is more than the causes of action set forth in the complaint."

■ Here we pause to call attention to the case-made rules that the affidavits of the moving party are to be strictly construed, that generalities and conclusions will not suffice in a moving party's declaration. ■ On the other hand, the affidavits presented in opposition to the motion are to be liberally construed and need not consist entirely of evidentiary facts. Moreover, that opposing affidavit is to be accepted as true. *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]: "Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

■ "The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. [Citation.]

"For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. [Citations.] And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient

need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]'' To the same effect see *McHugh* v. *Howard,* 165 Cal.App.2d 169, 174 [331 P.2d 674]; *Chilson* v. *P. G. Industries,* 174 Cal.App.2d 613, 615 [344 P.2d 868].

The declaration filed by plaintiff Callahan in opposition to the motion says: ''That I performed work and improvements on the real property involved in this lawsuit for a total amount of $26,738.11. This work is shown by invoice number 8003 attached in the amount of $5,000.00 and by invoice number 8102, which consists of three pages, in the amount of $21,738.11.'' He concedes that defendant should be credited with $1,000 paid to him and mentioned in paragraph 4 of Lesin's declaration, $3,256.75 paid to Kirby-Erwood Co., $608.20 paid to the laborers above mentioned, and certain other sums totaling $5,727.30, paid as alleged in paragraph 7 of Lesin's declaration, but he says that defendant should not be credited the full amount of those claims as ''the subcontractors continue to have a claim against the plaintiff for any difference between the sum paid and the amount claimed''; then follows an enumeration of items representing such differences which total $3,927.48. Plaintiff then says: ''Summarized the total sums to which defendant should be credited as set forth above is $8,792.93. This would leave a balance of $17,945.18 due owing and unpaid. It should be pointed out that there is no affidavit of any payment by the defendant to R. H. Flickinger Company, Inc. for any sum whatsoever. Nor is there showing of any payment by the defendant to Willard W. Sheppard in any amount whatsoever nor any record of any payment by the defendant to Bohannan Bros., Inc. for any sum whatsoever.''

Concerning paragraph 14 of Lesin's declaration, quoted above, plaintiff says: ''In answer to the allegations set forth in paragraph 14 the declarant alleges that he was wrongfully prevented from completing the job and he has no knowledge or information as to any sums set forth by Arnold Lesin in this paragraph nor is the defendant entitled to any offset against plaintiff's claim for any sums set forth in this paragraph.''

Paragraph 13 of the Lesin declaration says that on August 2, 1960, ''plaintiff and declarant met in conference to discuss the continuation of the work and the claims being brought against defendant, and it was agreed that plaintiff would release the defendant from the contract of March 31, 1960, and release from all other claims by the company. A

photostatic copy of this agreement of August 2, 1960, is annexed hereto and made a part hereof.'' No such agreement was attached. In response to this allegation plaintiff alleges in his counterdeclaration: ''With regard to the release under paragraph 13, declarant alleges that the release signed by him and set forth as an Exhibit by the defendant was signed by him under duress at the point of a gun held by Arnold Lesin in the presence of Frank Erwood.'' There is no reply declaration in the record and hence this allegation of plaintiff stands undisputed. It seems obvious that this one issue of duress is of sufficient materiality to require denial of a summary judgment. Lesin's declaration discloses that the work was taken away from plaintiff and given to other contractors, that there is work uncompleted amounting to $7,481.60. If this termination of the contract was wrongful as plaintiff avers, there is an inevitable secondary issue to be tried—the financial accounting incident to the change of contractors.

■■ It is also manifest that the claims of credit and offset asserted by defendant are not supported by affidavit of a person shown to have personal knowledge of the facts and competent to testify thereto and hence they are not established (*Nini* v. *Culberg,* 183 Cal.App.2d 657, 664 [7 Cal.Rptr. 146]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 382 [313 P.2d 97]); at the best defendant would be entitled to partial relief under the last paragraph of section 437c.[2]

In order to succeed the moving party must present a competent showing regardless of weakness in the opposing affidavits and this is a matter which cannot be waived. ''We shall first dispose of the point last mentioned, that appellants waived their right to object to the affidavit deficiencies by failing to do so in the lower court. ■■ It is the rule in California that there can be no waiver in summary judgment proceedings of the right to object to matter inadmissible by virtue of its incompetency. Thus, in *Gardenswartz* v. *Equitable Life Assur. Soc.,* 23 Cal.App.2d Supp. 745, 751 [68 P.2d 322], it is stated that under section 437c, Code of Civil Procedure, 'summary

---

[2]Code Civ. Proc., § 437c: ''. . . If it appears that such defense applies only to a part of the plaintiff's claim, or that any part is admitted, the court shall, by order, so declare, and plaintiff's claim shall be deemed established as to so much thereof as such defense shall not apply to, or as is admitted, and the cause of action may be severed accordingly, and the action may proceed as to the remainder of such claim. No judgment shall be entered prior to the termination of such action but the judgment in such action shall, in addition to any matters determined in such action, award to plaintiff the amount of his claim so established by the proceedings herein provided for. . . .''

judgment for plaintiff cannot be ordered, *even though affidavits for the defendant be insufficient or absent,* unless the plaintiff presents affidavits in support of his motion which comply with the section. . . .' (Emphasis added.) To the same effect are *Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 24]; *Kelliher* v. *Kelliher,* 101 Cal.App.2d 226, 231-232 [225 P.2d 552] and *Desny* v. *Wilder,* 46 Cal.2d 715, 725-726 [299 P.2d 257]. Under the rule of those cases, there must first be a sufficiently supportive affidavit before any defects in a counteraffidavit need be considered." (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 351 [333 P.2d 142].) Accord: *Gardenswartz* v. *Equitable Life Assur. Soc.,* 23 Cal.App.2d 745, 751 [68 P.2d 322]; *Kelliher* v. *Kelliher,* 101 Cal.App.2d 226, 230-231 [225 P.2d 554]; *Southern Pac. Co.* v. *Fish,* 166 Cal.App.2d 353, 365 [333 P.2d 133].

 The motion to strike was noticed for February 3, 1961, and this court was told in defendant's motion to augment the record that it was submitted on February 3 and the court continued the matter for two weeks, and "suggested that I prepare and submit as part of said Motion for Summary Judgment photostatic copies of the checks and agreements and release referred to in the declaration of respondent's president. These photostatic copies were sent to the Court by letter dated February 6, 1961, with copy to the attorney for the appellant with the specific direction that they be made part of the motion heretofore served on the appellant." The trial judge caused minute orders to be made on February 21, 1961, as follows: "Defendant's motion to strike as to the 1st cause of action is treated as a motion to strike and motion for summary judgment which motions are hereby granted without leave to re-file. (CCP Section 1190.1(e), and CCP Section 1193.1(k). Defendant's motion as to the second cause of action to dismiss is granted with leave to plaintiff to file an amended pleading within 10 days, claiming duress, etc. Demurrer off calendar."[3] On February 6, 1961, counsel for defendant had written a letter to the judge enclosing therein photostatic copies of "checks referred to in paragraphs 5, 6 and 7 of said Declaration, and paragraph 9, and also copy of the second Agreement referred to in paragraph 10, and a copy of the Notice to Complete sent to defendant on August 1, 1960, as well as photostats of the checks referred to in para-

---

[3]As above indicated plaintiff declined to amend and thereafter dismissed the second count.

graph 14." In the belief that these were part of the showing upon the motion we granted the augmentation and the documents are included in a supplemental clerk's transcript. It now appears that they have no place in the record because they are not properly authenticated; there was no stipulation in the premises, no showing by affidavit or otherwise that they are genuine and correct; and the judge could not order their consideration without a stipulation to that effect.

Documents used in support of a motion for summary judgment must be properly authenticated or they may not be considered. We quote *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal. App.2d 116, 121 [283 P.2d 720] : "The material portions of that affidavit refer to various documents, none of which are attached to the affidavit, from which the affiant deduces that title to the disputed property is vested in defendant. This statement of the legal effect of those documents is, of course, a mere conclusion of law as to the very matter here in issue, and would be incompetent as evidence. [Citations.] Furthermore, there being no showing of the loss of the instruments referred to, or other circumstances which would excuse production either of the original or authenticated copies, affiant could not give competent testimony even to the contents of said documents. Under such circumstances, where the affidavit of a movant depends upon written documents, his affidavit is insufficient unless there is attached thereto the original documents, or a verified or certified copy of such instruments." See also *Schessler* v. *Keck,* 138 Cal.App.2d 663, 669-670 [292 P.2d 314] ; *Murphy* v. *Kelly,* 137 Cal.App. 2d 21, 28 [289 P.2d 565].

Of no greater effect are the motions made by plaintiff on March 24, 1961, to vacate the order directing summary judgment or the declaration submitted upon that later hearing. Though they are in the clerk's transcript they do not enlarge the showing which was made upon the motion now under consideration. The fact that there was no appeal from the order denying the motion to vacate, or that that order is not appealable, does not change the situation. (Cf. *Hunt* v. *Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482] ; *White* v. *Jones,* 136 Cal.App.2d 567, 569 [288 P.2d 913].)

Respondent argues that the ruling is sustainable by application of Code of Civil Procedure, sections 1190.1, subdivision (e) and 1193.1, subdivision (k). The minute order indicates that such was the basis of the ruling below.

Section 1190.1, subdivision (e) says: "Any person who

shall willfully give a false notice of his claim to the owner or who shall willfully include in his claim work or materials not performed upon or furnished for the property described in such notice shall forfeit all right to participate in the pro rata distribution of such moneys and all right to any lien under this chapter."[4]

Section 1193.1, subdivision (k): "Any person who shall willfully include in his claim of lien filed for record pursuant to this chapter work not performed upon, or materials, appliances or power not furnished for, the property described in such claim, shall thereby forfeit his lien."

In *California Portland Cement Co.* v. *Wentworth Hotel Co.,* 16 Cal.App. 692 [118 P. 103, 113], defendants sought to apply section 1202 of the Code of Civil Procedure, the predecessor of section 1193.1, subdivision (k), where plaintiffs had failed to give credit for offsets in their claim of lien. At page 704 it was stated that the statute, being penal in nature, must be strictly construed, and it was held that the statute did not apply.

*Schallert-Ganahl Lbr. Co.* v. *Neal,* 91 Cal. 362 [97 P. 743]. In this action to enforce mechanics' liens plaintiff was nonsuited on the ground that "he knowingly and willfully filed a notice of lien for more than he was entitled to, and sought in the action to recover an amount in excess of the amount actually due." Again Code of Civil Procedure section 1202 was relied upon by the respondent. On appeal the Supreme Court reversed, stating: "This section of the statute provides that the claimant shall forfeit his lien *in toto* for a violation of its provisions; it is penal in its character, and not only must be strictly construed, but the evidence under which it is invoked should be clear and convincing that the violation was willful and intentional." (P. 365.) And on page 366 the opinion further states: "[T]he allegation and proof that the plaintiff is seeking in this action to recover an amount in excess of the amount actually due is not satisfied by the provisions of the code 'that any person who shall willfully include in his claim materials not furnished for the property described in the claim shall forfeit his lien.' " (To the same effect see *Pacific Mutual Life Ins. Co.* v. *Fisher,* 106 Cal. 224, 235 [39 P. 758]; *Henley* v. *Pacific Fruit etc. Co.,* 19 Cal.App. 728, 734 [127 P. 800]; 32 Cal.Jur.2d § 78, p. 692.)

---

[4]This section applies to both public and private work. (*Theisen* v. *County of Los Angeles,* 54 Cal.2d 170, 177 [352 P.2d 529].)

. The above quoted sections must be construed and harmonized with section 1196.1, Code of Civil Procedure, which says: "No mistake or errors in the statement of the demand, or of the amount of credits and offsets allowed, or of the balance asserted to be due to claimant, or in the description of the property against which the claim is filed, shall invalidate the lien, unless the court finds that such mistake or error in the statement of the demand, credits and offsets, or of the balance due, was made with the intent to defraud. . . ."

In *Blanck* v. *Commonwealth A. Corp.*, 19 Cal.App. 720, 724 [127 P. 805], the court said: "In response to defendant's contention that the claims of lien filed by the Bradley-Martin Company, the Bruce Lumber Company and the San Francisco Cornice Company were void, because of the alleged willful and fraudulent inclusion therein of materials not actually used in the building under construction, it will suffice to say that the trial court specifically found that in each instance the mistakes and errors of the several claims of lien were unintentional and free from fraud. This finding is fully supported by the evidence, and under the provisions of section 1203a of the Code of Civil Procedure as it existed when the liens were filed and this case decided, no mistake or error in the statement of a claim of lien will invalidate it unless the court finds that such mistake or error was made with the intent to defraud."

█ The question of whether evidence is clear and convincing that there has been a violation of sections 1190.1, subdivision (e) and 1193.1, subdivision (k) necessarily involves a weighing of the evidence, and that is not the function of the court upon a motion for summary judgment. █ Likewise an intent to defraud always presents a factual question and the duty of the judge hearing a motion under section 437c is to find upon the existence of triable issues, not to solve them. (*Whaley* v. *Fowler, supra,* 152 Cal.App.2d 379, 381.) Significantly, respondent's brief says: "The issue, we submit, in this matter, and every similar case, is whether the admitted variance is innocent or was made with the intent to defraud. Here the court below determined that the variance was not innocent. We submit that the record unequivocally supports this position as a matter of law."

The cases decided under section 1196.1 and its predecessors, sections 1203 and 1203a, make it clear that mistakes and errors, including those with respect to the amount due, will not invalidate a lien in the absence of a finding of intent to

defraud. (*Stone* v. *Serimian,* 198 Cal. 520, 523 [246 P. 45] ; *Jarvis* v. *Frey,* 175 Cal. 687 [166 P. 997] ; *Continental Bldg. & L. Assn.* v. *Hutton,* 144 Cal. 609 [78 P. 21]; *Richmond Sanitary Co.* v. *Franklin,* 122 Cal.App. 229, 231 [9 P.2d 855] ; *Johnson* v. *Smith,* 97 Cal.App. 752 [276 P. 146] ; *Blanck* v. *Commonwealth A. Corp., supra,* 19 Cal.App. 720, 724.) Section 1574 of the Civil Code states: ''Actual fraud is always a question of fact.'' *Benson* v. *Hamilton,* 126 Cal.App. 331 [14 P.2d 876], involved an action to rescind an exchange of real property for fraud. At page 334 the opinion states: ''In an action predicated on this ground, the essence of the fraud is the existence of an intent at the time of the promise not to perform it. [Citation.] The existence of such intent at such time (actual fraud) is always a question of fact.'' (Italics deleted.) Not only the question of intent but all of the elements of fraud present factual questions under the above code section. (*Black* v. *J. N. Blair & Co.,* 145 Cal.App.2d 524 [302 P.2d 609].) See also *Handley* v. *Handley,* 179 Cal.App.2d 742 [3 Cal.Rptr. 910] ; *Fowler* v. *Brown,* 125 Cal.App.2d 450 [270 P.2d 559].

*Leibowitz* v. *Berry,* 114 Cal.App. 5, 15 [299 P. 779], is cited by defendant for the proposition that a right of lien is lost where a claimant knows or should know that his claim is unjust. Examination of the opinion reveals that the court held for the lien claimant and merely observed, on the page cited to this court, that the owner always has the defense that the amount claimed is not due, and that the lien claimant must prove his case. Defendant also cites Oregon cases for the proposition that the failure to credit the owner for a payment actually received establishes fraud as a matter of law. To the extent that these cases so hold they are in conflict with California law and do not apply.

Referring to former section 1203, the predecessor of section 1196.1 (both of which require a finding of intent to defraud before a lien will be invalidated), the opinion in *Los Angeles Board of Adjusters* v. *Bailes,* 116 Cal.App. 316 [2 P.2d 557], at page 318, states: ''A statute of this character demands that we give it full effect where applicable. The true purpose of the statute is to relieve a lien claimant from the consequences of an error of this nature. The fact that the amount erroneously inserted in the claim was identical with another account for goods sold does not affect the case. If the legislature had intended an exception in such cases it would have so declared. But the only exceptions made are those involving fraud and

the rights of innocent third parties. We are satisfied that this case must be ruled by the statute.''

At every turn we meet in this record a question of fact to be tried. The ruling cannot be sustained. ▮ The erroneous granting of a motion for summary judgment is a denial of a fair trial and reversible because it lies outside the curative provisions of section 4½ of article VI of the Constitution. (See *Spector* v. *Superior Court,* 55 Cal.2d 839, 843-844 [13 Cal.Rptr. 189, 361 P.2d 909] ; *People* v. *Elliot,* 54 Cal.2d 498, 506 [6 Cal.Rptr. 753, 354 P.2d 225] ; *People* v. *Sarazzawski,* 27 Cal.2d 7, 11 [161 P.2d 934].)

Judgment reversed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied July 9, 1962.